IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACI WORLDWIDE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV31 |
| | ) | |
| V. | ) | |
| | ) | |
| MASTERCARD TECHNOLOGIES, LLC, and MASTERCARD INTERNATIONAL, Incorporated, | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on (1) Plaintiff's Motion for a Protective Order (filing 49); (2) Plaintiff's Motion to Compel (filing 54); (3) Defendants' Motion to Compel (filing 73); and (4) Plaintiff's Motion to Treat Trade Secret Exhibits as Filed in Support of its Motion for Protective Order (filing 112).

### 1.  Plaintiff's Motion for Protective Order

The parties agree that a protective order should be entered in this case. However, the parties disagree as to the provisions which should be included in the protective order. Specifically, Plaintiff argues that there should not be an "Attorneys Eyes Only" ("AEO") designation for certain confidential information produced in this case. Plaintiff further contends that it should be permissible for information obtained in a related Nebraska state court action to be used in this case, and for information obtained in this case to be used in the state court action.

Defendants believe that, given the highly sensitive nature of documents that will be exchanged, an AEO designation, which limits the disclosure of certain documents to attorneys of record, is proper. Plaintiff argues that this level of protection is unnecessary and will prevent its employees with advanced technical information regarding the software at issue, particularly an employee named Mark Newsom, from interpreting and analyzing

produced documents. The Court understands Plaintiff's desire to have input from employees with specialized knowledge regarding the software. However, given the nature of the anticipated document production, as well as the fact that the parties to this action still have a business relationship, the Court believes an AEO designation is appropriate. However, Plaintiff should not be left without remedy in the event it believes that certain information requires employee review. Therefore, the protective order entered in this case should include a provision which allows Plaintiff to challenge the AEO designation for specific documents. Nevertheless, to avoid an inevitable discovery dispute, the Court will allow Mark Newsom access to documents designated as AEO. This exception should be included in the parties' proposed protective order.

Plaintiff also argues that the materials discovered in the federal and state actions should be used interchangeably. In the state court case, to which Defendants are not a party, Defendants produced thousands of documents pursuant to a subpoena. Plaintiff also deposed several of Defendants' employees. Plaintiff believes that Defendants will produce many of the same documents in this action, and some of the same witnesses who were deposed in the state action will also be deposed in this action. Therefore, according to Plaintiff, it is practical to allow the information to be used interchangeably.

The Court will not allow information to be used as requested by Plaintiff. Given the related issues involved in the state and federal litigation, use of discovered information as suggested by Plaintiff may make sense in some instances. However, the protective order entered in the state court action expressly provides that confidential information produced in that action may only be used in that litigation. This Court will not interfere with the protective order entered in state court. Therefore, the Court will not grant the parties an absolute right to use all documents interchangeably in the two suits. If this leads to duplicate production in certain instances, so be it. Of course, the parties may still confer and take appropriate steps to avoid this problem.

    **2.**    **Motions to Compel**

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P.

26(b)(1). Relevancy is broadly construed and "[d]iscovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009).

The motions to compel involve two primary issues: (1) the absence of a protective order and (2) Defendants' assertion that Plaintiff has failed to identify its alleged trade secrets with sufficient detail. Because the Court has now defined the appropriate scope of the protective order, objections based on the absence of a protective order will, upon entry of the protective order, be moot. Thus, the remaining issue to be decided is whether Plaintiff has sufficiently identified its trade secrets.

Defendants argue that before meaningful discovery commences, Plaintiff should be required to describe, with reasonable particularity, the trade secrets it alleges have been misappropriated. Defendants maintain that Plaintiff's responses to Defendants' Interrogatory Nos. 1 and 3, which seek particularized identification of the purported trade secrets, are deficient. Plaintiff disagrees, asserting that it clearly identified the trade secrets from the beginning of this action. Plaintiff claims it identified them in its Amended Complaint. Moreover, Plaintiff maintains that, in an effort to progress the case, and in response to Defendants' assertions regarding the alleged lack of specificity, it supplemented its original interrogatory responses with a lengthy "Verified Trade Secret Statement" (the "Statement"), as well as other documents identifying the allegedly misappropriated trade secrets. Since producing the Statement, and in response to Defendants' ongoing complaints regarding the sufficiency of Plaintiff's disclosures, Plaintiff also submitted a response to a "Trade Secret Appendix" offered by Defendants in connection with the pending motions. Defendants' Appendix details alleged deficiencies in Plaintiff's trade secret identification. Plaintiff's response to the Appendix sets forth citations to the relevant pages from the other trade secret filings in a further effort to satisfy Defendants.

The Court has reviewed the law cited by the parties regarding the particularity required for commencement of discovery in trade secret cases. Having done so, the Court concludes that, under the circumstances presented here, Plaintiff's descriptions are

sufficiently specific.  Plaintiff has seemingly gone to great lengths to address Defendants' continuing concerns. Moreover, given the history between the parties, and the related state court action in which Defendants participated, the Court is confident that Defendants have sufficient information to allow discovery to proceed.  In addition, as pointed out by Plaintiff, not only does this case involve allegations of misappropriation, but it also deals with allegations of breach of contract and confidentiality.  This action was initiated a year ago, yet it appears that little discovery has taken place.  Discovery needs to move forward regarding all claims.  Accordingly, Defendants' Motion to Compel will be denied.

In addition to Defendants' objections regarding the absence of a protective order and Plaintiff's failure to sufficiently identify the trade secrets at issue, Defendants raised a number of other objections to Plaintiff's document production requests.  In an effort to get discovery moving, Plaintiff has volunteered to narrow its document production requests for the time being.  Plaintiff proposes that, at this time, Defendants only be required to produce relevant emails, including the attachments thereto, that Defendants sent to Baldwin Hackett & Meeks, Inc. ("BHMI").  Plaintiff's proposed approach seems reasonable.  Accordingly, by or before February 9, 2015, Plaintiff shall provide Defendants with revised discovery requests, in accordance with the limitations it now proposes.  Upon receipt and review of the documents produced in response to these revised requests, Plaintiff may renew and/or revise its previous document production requests.   As noted above, Defendants' objections regarding the absence of a protective order and Plaintiff's failure to specifically identify trade secrets are overruled.  A privilege log shall accompany Defendants' supplemental discovery responses in the event privileges are asserted.  Defendants may assert other objections to the supplemental discovery requests, but they shall do so in keeping with the rulings set forth in this Order.

Accordingly,

**IT IS ORDERED** as follows:

1.   Plaintiff's Motion for a Protective Order ([filing 49](filing 49)) is granted, in part.  A joint proposed protective order, incorporating the rulings herein, shall be forwarded to the undersigned by email, in word or word perfect format, for consideration

     by or before February 9, 2015.

2.     Plaintiff's Motion to Compel (filing 54) is granted, in part, as set forth above. Attorneys' fees and costs will not be awarded.

3.     Defendants' Motion to Compel (filing 73) is denied.

4.     Plaintiff's Motion to Treat Trade Secret Exhibits as Filed in Support of its Motion for Protective Order (filing 112) is granted.

**DATED February 2, 2015.**

                                 **BY THE COURT:**

                                 **S/ F.A. Gossett**
                                 **United States Magistrate Judge**