IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACI WORLDWIDE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 8:14-cv-00031-LSC-FG3 |
| v. ) | |
| ) | PROTECTIVE ORDER |
| MASTERCARD TECHNOLOGIES, LLC ) | |
| and MASTERCARD INTERNATIONAL ) | |
| INCORPORATED, ) | |
| ) | |
| Defendants. ) | |

WHEREAS, discovery in the above entitled litigation will involve the disclosure of confidential trade secrets, technical know-how, or other confidential or proprietary research, development, commercial, personal, financial information or information furnished in confidence by a non-party (hereinafter individually and collectively referred to as "Designated Material") relating to the subject matter of the above-captioned litigation (hereinafter "the Litigation"), regardless of how generated;

WHEREAS, the named entities of the Litigation (hereinafter the "Parties" or "Party") desire to limit the extent of disclosure and use of such Designated Material, and to protect such Designated Material from unauthorized use and further disclosure, and wish to insure that no advantage is gained by any Party through the use of such Designated Material, which could not have been learned without the discovery in the Litigation.

NOW, THEREFORE, HAVING BEEN STIPULATED AND AGREED by and between the Parties, through their respective counsel, subject to the approval of the Court, the Parties request that the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) be entered.

1

**IT IS HEREBY ORDERED THAT:**

1. This Stipulated Protective Order shall apply to all information, including but not limited to documents, electronic documents, electronically stored information, things, exhibits, discovery responses and testimony designated in good faith as constituting or containing Designated Material by Parties and non-parties in the Litigation. Any Designated Material produced by a Party or non-party during the course of the Litigation may be designated by such Party or non-party as (1) CONFIDENTIAL or (2) HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Stipulated Protective Order.

2. For the purposes of this Stipulated Protective Order, Designated Material designated as CONFIDENTIAL shall be information or tangible things that the producing Party believes in good faith qualifies for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure as non-public confidential and/or proprietary information, whether personal or business related. Absent a specific order by this Court, once designated as CONFIDENTIAL, such Designated Material shall be used by the Parties only in connection with the Litigation or appeal therefrom, and not for any other purpose, including business, competitive, or governmental purposes or functions, and such information shall not be disclosed to anyone except as provided herein.

3. Designated Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be information that the producing Party believes in good faith is extremely sensitive confidential information that if disclosed to another Party or non-party would create a substantial adverse impact on the producing Party's business, financial condition, ability to compete, standing in the industry, or any other risk of injury that could not be avoided by less restrictive means. Such material includes, without limitation,

technical or product information not released to the public; confidential business information, including but not limited to market studies and analyses, future projections, strategies, forecasts, business plans, and information concerning business decisions or negotiations; company financial information and projections in any form that have not been made available to the public; license agreements and other contractual relationships with third parties; identification of current, former, or potential customers and vendors; materials relating to ongoing research and development efforts and future products; technical materials used solely for internal purposes in connection with development, production information, engineering information, or sales training information; source code; and non-public correspondence and documents relating to the prosecution of any patent applications or any other proceeding before the United States Patent and Trademark Office or any foreign patent office. Absent a specific order by this Court, once designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, such Designated Material shall be used by the Parties only in connection with the Litigation or appeal therefrom, and not for any other purpose, including business, competitive, or governmental purposes or functions, and such material shall not be disclosed to anyone except as provided herein.

4.     The scope of this Stipulated Protective Order shall be understood to encompass not only those items or things which encompass CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, but also any information derived therefrom and all excerpts and summaries thereof, as well as testimony and oral conversation related thereto.

5.     Each Party or non-party that designates Designated Material for protection under this Stipulated Protective Order must limit any such designation to specific material that qualifies under the appropriate standards.

The designation of Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for purposes of this Stipulated Protective Order shall be made in the following manner by the Party or non-party seeking protection:

    a.    In the case of documents, electronic documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, things or other materials (apart from documents and things made available for inspection, depositions, pretrial or trial testimony) by affixing the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate, to every page of any document containing Designated Material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Party or non-party seeking protection becomes aware of the confidential nature of the material disclosed and sought to be protected;

    b.    For documents and things made available for inspection only, such documents and things shall be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Upon request for copying and production by the inspecting Party, the producing Party shall designate such documents with the appropriate confidentiality marking;

    c.    In the case of depositions, pretrial and trial testimony: (i) by a statement by counsel on the record during such deposition, pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all Parties within twenty-one (21) calendar days after receipt of the final transcript of the testimony. The Parties shall treat all deposition, pretrial and trial

testimony as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY hereunder until the expiration of twenty-one (21) calendar days after the receipt of the final transcript. Until designated otherwise thereinafter, any confidentiality is waived after the expiration of the twenty-one (21) days unless otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court;

    d.    In the case of Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY used during the course of a deposition as a deposition exhibit or otherwise, that portion of the deposition record reflecting such Designated Material shall be designated pursuant to Subparagraph 5(c) above, and access thereto shall be limited pursuant to the other terms of this Stipulated Protective Order; and

    e.    Each Party retains the right to subsequently re-designate documents and to require such documents to be treated in accord with such designations from the date of the re-designation forward.

6.    Designated Material designated as CONFIDENTIAL, copies of or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, otherwise communicated, or made available in whole or in part only to the following persons:

    a.    Outside counsel for the Parties. As used herein, "outside counsel" shall mean attorneys for the respective firms, including supporting personnel employed by the attorneys, such as patent agents, paralegals, legal secretaries, legal clerks, and litigation support employees.

5

b. No more than three officers, directors or employees of Plaintiff, on the one hand, and Defendants collectively, on the other, whose assistance is needed by outside counsel of record;

c. Consultants and experts as defined in and pursuant to the provisions of Paragraph 8 herein;

d. The Court, jury and court personnel, pursuant to Paragraph 10 herein;

e. Court reporters, videographers, outside copying, interpreters or translators, employed in connection with the Litigation;

f. Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Litigation;

g. Non-technical jury or trial consulting services retained by counsel for a Party;

h. The author(s) and all recipients of the document or the original source of the information, as reflected on the face of the document or in other documents or testimony; and

i. Any other person upon order of the Court or upon written consent of the Party producing.

7. Designated Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, copies or extracts therefrom, and compilations and summaries thereof, may be disclosed, summarized, described, characterized, otherwise communicated or made available in whole or in part only to the following persons:

a. Parties' outside counsel of record in the Litigation, as defined in Subparagraph 6(a) above;

  b. Mark Newsom, an ACI Worldwide employee, provided that Plaintiff (1) provides Mark Newsom with a copy of this Stipulated Protective Order, and (2) obtains the written agreement of Mark Newsom, in the form of Exhibit A hereto, to comply with and be bound by the terms of this Stipulated Protective Order;

  c. Consultants and experts as defined in and pursuant to the provisions of Paragraph 8 herein;

  d. The Court, jury and court personnel, pursuant to Paragraph 10 herein;

  e. Court reporters, videographers, outside copying, interpreters or translators, employed in connection with the Litigation;

  f. Graphics or design services retained by counsel for a Party for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Litigation;

  g. Non-technical jury or trial consulting services retained by counsel for a Party;

  h. The author(s) and all recipients of the document or the original source of the information; and

  i. Any other person only upon order of the Court or upon written consent of the producing Party.

Notwithstanding the foregoing, in the event that a Party (the "Challenging Party") believes that certain Designated Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by the producing Party requires review by a Challenging Party's officers, directors or employees, subject to the limitations of Paragraph 6(b) herein, counsel for the Challenging Party may challenge the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation by submitting a motion to the Court requesting Court authorization for the

Challenging Party's designated officers, directors or employees to have access to the specific materials at issue, which shall be granted for good cause shown. Said motion shall be governed by the provisions set forth in NECivR 7.1. Nothing in this paragraph precludes the Parties from agreeing to permit access to Designated Materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to a Party's employee or employees without Court involvement.

       8.     For purposes of this Stipulated Protective Order only, a consultant or expert shall be defined as a person who is neither an employee, agent or representative of a Party (except as set forth in the following sentences), nor anticipated to become an employee, agent or representative of a Party in the near future, and who is retained or employed to assist in the preparation for trial or any other proceeding in the Litigation, whether full or part time, by or at the direction of counsel for a Party.  Mark Newson may serve as a consultant and/or expert for ACI Worldwide in this Litigation; further, ACI Worldwide may seek Court approval of an additional and/or different ACI Worldwide employee or employees to serve as consultant(s) and/or expert(s) by written motion to the Court.  The procedure for having a consultant or expert approved for access to Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Stipulated Protective Order shall be as follows:

         a.    A Party sponsoring a consultant or expert for access to Designated Material must:

           (1)    provide the consultant or expert with a copy of this Stipulated Protective Order, and

           (2)    obtain the written agreement of the consultant or expert, in the form of Exhibit A hereto, to comply with and be bound by the terms of this Stipulated Protective Order.  Before

8

providing information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by a producing Party pursuant to this Stipulated Protective Order to a consultant or expert, the Party seeking to disclose the information to a consultant or expert shall identify the consultant or expert to the producing Party in writing and provide the producing Party with (a) an executed Exhibit A, and (b) a written statement setting forth the consultant's or expert's state and county of residence, business address, employer, job title, curriculum vitae, and past or present association with any Party, as well as a list of litigation matters for which the consultant or expert has provided an expert report, declaration, deposition testimony, or trial testimony during the preceding five years.

b.   Three (3) court days following the identification specified in Subparagraph 8(a) (hereinafter "the Identification"), the sponsoring Party may disclose the information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Stipulated Protective Order to the identified consultant or expert unless said sponsoring Party receives a written objection to the Identification, served by electronic mail to all counsel of record, setting forth in detail the grounds on which the objection is based. Failure to object within three (3) court days of the identification shall be deemed a waiver of the objection. If the sponsoring Party receives such an objection within three (3) court days of the Identification, the consultant or expert shall be barred from access to any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Stipulated Protective Order for seven (7) calendar days commencing with

the receipt by the producing Party of the information required in Subparagraph (a) above;

      c.     If within said seven (7) calendar days, the Parties are unable to resolve their differences and the opposing Party moves for a further protective order preventing disclosure of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Stipulated Protective Order to the identified consultant or expert, then the Designated Material shall not be provided to said consultant or expert except by further order of the Court. Any such motion for a protective order by the opposing Party must describe the circumstances and reasons for objection, setting forth in detail the reasons for which the further protective order is reasonably necessary, assessing the risk of harm that the disclosure would entail, and suggest any additional means that might be used to reduce that risk. The opposing Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the seeking Party's need to disclose the Designated Material to said consultant or expert;

9. Any person may be examined as a witness at trial or during a deposition concerning any Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY which that person had lawfully received or authored prior to and apart from the Litigation. During examination, any such witness may be shown Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that appears on its face, or from other documents or testimony, to have been received from, authored by, or communicated to that witness. Further, if a person authorized under paragraph 6 above to access Designated Materials

designated CONFIDENTIAL and/or paragraph 7 above to access Designated Materials designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that person may be examined as a witness at trial or during a deposition concerning, among other things, any and all Designated Material to which he or she has had access. If an expert and/or consultant accesses Designated Material designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under paragraph 8 above, that person may be examined as a witness at trial or during a deposition concerning, among other things, any and all Designated Material to which he or she has had access. At any deposition session, upon any inquiry with regard to the content of a document marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or when counsel for a person (Party or non-party) deems that the answer to a question may result in the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information of his or her client within the meaning of this Stipulated Protective Order, counsel for the person whose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is involved may request that all persons other than the reporter, counsel, and individuals authorized under Paragraphs 6, 7 and 8 hereof, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question.

10. Designated Material filed with the Court, or included in briefs, memoranda or other papers filed with this Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Nebraska.

11. A Party may challenge any other Party's designation of Designated Materials produced herein by serving a written objection with a full statement of its reasons for the challenge upon the producing Party. In the event that a Party challenges the designation of Designated Material, the designating Party shall, within fourteen (14) calendar days of such challenge, serve the challenging party by facsimile or email with a written explanation of the designation. Failure to respond within fourteen (14) calendar days to the designation challenge shall result in de-designation of the material in question. If an explanation for the designation is offered, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may seek relief from the Court. The designating Party bears the burden of establishing that the information was properly designated. Each such motion shall identify the challenged material and the basis for the challenge. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the Designated Material in question according to its designation.

12. All counsel for the Parties who have access to Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Stipulated Protective Order acknowledge they are bound by this Stipulated Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Stipulated Protective Order.

13. No party shall, merely by entering into, agreeing to, and/or producing or receiving Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or otherwise complying with the terms of this Stipulated Protective Order:

    a.    Waive any right to object on any ground to the use of any of the Designated Material covered by this Stipulated Protective Order as evidence in this Litigation; or

    b.    Waive any objection to the disclosure or production of Designated Material otherwise available on any ground not addressed in this Stipulated Protective Order.

14.    This Stipulated Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Designated Material for any purpose, and such use shall not by itself constitute a waiver or de-designation of the original confidentiality designation.

15.    Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY obtained lawfully by such Party independently of any proceedings in this action, or which:

    a.    Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

    b.    Is or becomes publicly known through no fault or act of such Party; or

    c.    Is rightfully received by such Party from a non-party that has authority to provide such information or material and without restriction as to disclosure.

16.    When a Party or non-party gives written notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

17.    Pursuant to Federal Rule of Evidence 502(d) and (e), the parties' production of any documents in this proceeding shall not, for purposes of this

proceeding or any other proceeding in any other court, constitute a waiver of any attorney-client privilege or work product protection applicable to those documents.

18. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party or non-party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The receiving Party shall notify any person to whom it communicated such information that the information has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and, if the person to whom it communicated the information is not authorized under this Stipulated Protective Order to view CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, the receiving Party shall request that the person to whom it communicated the information to destroy any document or thing containing the information. The receiving Party shall notify the producing Party of the identity of the person.

19. If a Party learns that it has disclosed documents or information, by inadvertence or otherwise, that were designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (1) notify in writing the designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all copies of the Designated Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons complete and sign a copy of the undertaking in the form attached hereto as Exhibit A.

20. It is the present intention of the Parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial and trial proceedings in this action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other Parties hereto for good cause shown.

21. The provisions of this Stipulated Protective Order shall, absent written permission of the producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) calendar days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action, including any appeals therefrom, all persons having received Designated Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, or shall certify destruction thereof. Counsel described in Paragraphs 6(a) and 7(a) above shall be entitled to retain court papers, deposition and trial transcripts, and attorney work-product (including court papers, transcripts, and attorney work-product that contain information or material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY contained in such court papers, transcripts, attorney work-product, or documents to any person or entity except pursuant to a written agreement with the producing Party of the information or material. Attorney work product may be used in subsequent litigation provided that such use does not disclose

information or material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

22. If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a Party to the Litigation, seeking information or material which was produced or designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by someone other than the designating Party or non-party, the Party shall give prompt actual written notice no more than five (5) court days after receipt of such subpoena, demand, or legal process, to those who produced or designated the Designated Material and shall object to its production. Should the person seeking access to the Designated Material take action against the Party or anyone else covered by this Stipulated Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Stipulated Protective Order. The designating Party shall bear the burdens and the expenses of seeking protection in the court of its Designated Material, and nothing in these provisions shall be construed as authorizing or encouraging a Party in this action to disobey a directive from another court.

23. The Parties agree that all documents, information, and material exchanged between the Parties in this action shall be used only in connection with the Litigation or appeal therefrom, and shall not be used for any other purpose, including any business, commercial, competitive, personal, or other purposes, subject to the other terms of this Stipulated Protective Order.

24. Nothing in this Stipulated Protective Order shall prevent outside counsel from giving legal advice based on information that has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,

provided such legal advice shall not reveal the substance of any designated information to a person not authorized to receive it.

25. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order shall promptly notify the designating person of the motion so that the designating person may have an opportunity to appear and be heard on whether the Designated Material should be disclosed.

26. The execution of this Order shall not be construed as an agreement by any person or party to produce or supply any information, document or thing, or as a waiver by any person or party of the right to object to the production of any information, document or thing, or as a waiver of any claim of privilege with regard to the production of any information, document or thing. In addition, nothing contained in this order shall be construed as an admission by any party that any document, information or other material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is in fact confidential, proprietary, or a trade secret.

27. The designation by a party or non-party of any information, document or other material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall have no evidentiary significance and may not be used at a hearing or at trial for any purpose. A party's failure to object to a producing party's designation shall likewise have no evidentiary significance and shall not constitute an admission that the information is confidential, proprietary, or a trade secret.

**DATED February 25, 2015.**

                                                 **BY THE COURT:**

                                                 **S/ F.A. Gossett**
                                                 **United States Magistrate Judge**

# **EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACI WORLDWIDE CORP., )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>MASTERCARD TECHNOLOGIES, LLC)<br>and MASTERCARD INTERNATIONAL)<br>INCORPORATED, )<br>)<br>      Defendant. ) | Case No: 8:14-cv-00031-LSC-FG3 |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

UNDERTAKING OF: _____

    1.    I reside in:

    2.    My present employer, and my business address, is:

    3.    My present occupation or job description is:

    4.    I have received a copy of the Stipulated Protective Order in the Litigation.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only in connection with the Litigation or appeal therefrom, in strict compliance with the terms and conditions of the Stipulated Protective Order, any Designated Material which is disclosed to me. I acknowledge that termination of the Litigation does not release me from the obligations set out in this Paragraph.

8. I will return all Designated Material which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am employed or retained in strict accordance with the provisions of the Stipulated Protective Order, or I will destroy all such Designated Material promptly after I have finished using it for purposes of the Litigation.

9. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in the Litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this ___ day of _____, 2015.

Signature:_____