IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACI WORLDWIDE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV31 |
| | ) | |
| V. | ) | |
| | ) | |
| MASTERCARD TECHNOLOGIES, LLC, and MASTERCARD INTERNATIONAL, Incorporated, | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

Plaintiff served Defendants with discovery requests seeking documents, files and electronically stored information ("ESI"). Defendants objected to the production of this information, asserting that production would be overly burdensome and invasive because it would require Defendants to run a software program that could pose risks to their production systems. In response to these concerns, Plaintiff devised a search protocol, which Defendants found unacceptable. Consequently, Plaintiff filed a motion to compel, asking that the Court compel Defendants to run its proposed search protocol and produce the requested materials.

In an order dated July 13, 2015, the Court found that Plaintiff had shown a particular need for the requested information and that the information was relevant. (Filing 175.) The Court stated, however, that it does not have the expertise necessary to determine the best methodology to be employed in retrieving the materials in a safe and cost-effective manner. The Court ordered the parties to confer in an effort to reach an agreement regarding the search methodology to be used to collect the materials. The Court stated that in the event the parties could not come to an agreement, it would refer the matter to a special master who would oversee the production of ESI in the case. The Court directed the parties to submit a status report advising the Court as to the outcome of the meet and confer conference no later than July 20, 2015.

On July 20, 2015, the parties submitted a Joint Status Report (filing 177) advising that

they were still in the process of negotiating an acceptable search methodology. On August 7, 2015, Plaintiff's counsel sent a letter to the undersigned advising that the parties were unable to reach an agreement in full. Although the parties generally agreed to a search protocol, they were unable to reach an agreement regarding the search terms to be used in conducting the search. Plaintiff has proposed that a total of 15 terms be used, while Defendants maintain that 9 search terms are sufficient. Defendants argue that Plaintiff's proposed search terms will generate an unreasonable number of "false positive hits," or search results that have no bearing on issues involved in this case. Defendants are concerned that Plaintiff will use the false positives to expand upon its existing trade secret claims.

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). The scope of permissible discovery is extremely broad. "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009).

As previously held, the materials Plaintiff seeks are relevant to the issues involved in this case. Plaintiff has gone to great lengths to address Defendants' concerns regarding the search protocol to be employed, as well as the scope of search terms. Plaintiff initially sought a twenty-six term search, but then narrowed its request to fifteen terms, and then, in order to reach an agreement regarding this discovery dispute, offered to eliminate two additional terms. Defendants have not shown that running Plaintiff's proposed search would be overly burdensome or convincingly shown that Plaintiff's proposed protocol is otherwise improper. Therefore, the Court will order Defendants to run the search protocol devised by Plaintiff, which is attached to Plaintiff's August 7, 2015 letter to the undersigned as "Exhibit B."

**IT IS ORDERED** that Defendants run Plaintiff's "Counterproposal Search Protocol" ("Exhibit B" to Plaintiff's August 7, 2015 letter) no later than September 11, 2015. Defendants shall produce the search results no later than September 16, 2015.

**DATED August 31, 2015.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**