IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACI WORLDWIDE CORP., | ) |
| Plaintiff, | ) CASE NO. 8:14-CV-00031-LSC-FG3 ) ) |
| v. | ) FOURTH AMENDED ORDER SETTING ) FINAL PROGRESSION OF CASE ) |
| MASTERCARD TECHNOLOGIES, LLC and MASTERCARD INTERNATIONAL INCORPORATED, | ) ) ) ) |
| Defendants. | ) ) |

The Court has reviewed ACI Worldwide Corp.'s Unopposed Motion Regarding Fourth Amended Order Setting Final Progression of Case (Filing 194) and finds that the case progression deadlines for the above-captioned litigation should be revised.

**IT IS THEREFORE ORDERED** that the provisions of the Court's earlier, initial progression order (Filing 39) remain in effect, and the deadlines set forth in the amended progression order (Filing 125), second amended progression order (Filing 179), and third amended progression order (Filing 191), remain unchanged, except where amended by the following:

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **Friday, March 4, 2016**. *See* NECivR 56.1 and 7.0.1.

2. **Deposition Limitation.** The parties stipulation in the Rule 26(f) Report (Filing No. 38) regarding Rule 30(b)(6) and expert depositions is unaffected by this order. (*See* Filing No. 38, p.33). Further, Plaintiff may take fifteen (15) fact witness depositions, and the Defendants collectively may take fifteen (15) fact witness depositions.

3. **Discovery Deadlines:**

    a. **Non-Expert Deposition Deadline.** All non-expert depositions, whether or not they are intended to be used at trial, shall be completed by **Thursday, November 19, 2015**.

    b. **Expert Deposition Deadline.** All expert depositions, whether or not they are intended to be used at trial, shall be completed by **Thursday, February 18, 2016**.

    c. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial,

shall be completed by **Thursday, June 11, 2015**. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

    d.  **Discovery Motions.** Discovery motions shall be filed not later than **Monday, July 13, 2015,** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.0.1(i).

4. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than **Thursday, December 3, 2015**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **Monday, January 4, 2016**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **Monday, February 1, 2016**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

5. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

    a.  **Nonexpert Witnesses –** A pleading disclosing the name, address and telephone number[2] of each witness, separately identifying those whom the party expects to present

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

[2] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or ***documents filed with the court***, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but

and those whom the party may call if the need arises **shall be served and filed on or before Thursday, April 14, 2016.**

    b. **Deposition Testimony and Discovery** - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required for this case. Motions to require such designations may be filed **not later than fifteen (15) days prior to the deposition deadline**.

    c. **Trial Exhibits -** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises **shall be served and filed on or before Thursday, April 14, 2016.**

    d. **Waiver of Objections.** Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

6. **Motions in Limine.**

    a. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), **shall be filed no later than Thursday, April 14, 2016** and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

    b. Any other motions in limine **shall be filed no later than Monday, May 9, 2016**.

---

shall serve an unredacted version on opposing parties. See NECivR 5.0.3.

7. The **Final Pretrial Conference** with the undersigned magistrate judge is set for **Thursday, April 14, 2016 at 10:00 A.M.** in chambers, 111 South 18th Plaza, Suite 2210, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[3]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

8. **Mediation and Settlement:**

    a. If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

    b. Not later than **Tuesday, March 15, 2016**, plaintiff or plaintiff's counsel shall serve on defendants or defendants' counsel a written, updated settlement proposal. Defendants or defendants' counsel shall respond in writing to such proposal not later than **ten (10) days after receipt thereof**.

    c. **Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may be and normally will be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

---

[3] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk.   See NECivR 5.0.3.

˘4˘

9. **A jury trial** is set to commence, at the court's call, during the week of **May 17, 2016** in **Omaha, Nebraska**, before the **Honorable Laurie Smith Camp**, Chief United States District Judge.   Unless otherwise ordered, jury selection shall be at the commencement of trial.

10. **Motions to Alter Dates.**  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.   Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

**DATED:   October 13, 2015.**

        **BY THE COURT:**

        s/ F. A. Gossett, III
        **United States Magistrate Judge**