# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACI WORLDWIDE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV31 |
| | ) | |
| V. | ) | |
| | ) | |
| MASTERCARD TECHNOLOGIES, LLC, and MASTERCARD INTERNATIONAL, Incorporated, | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

     This case is before the Court on Plaintiff's Motion to Compel ([filing 197](#)); Defendants' Motion for Source Code Protective Order ([filing 202](#)); and Plaintiff's Motion for Sanctions ([filing 207](#)). For the reasons explained below, Plaintiff's Motion to Compel will be granted, in part. Defendants' Motion for Source Code Protective Order will be denied. Plaintiff's Motion for Sanctions will be denied.

## BACKGROUND

     On September 3, 2014, Plaintiff filed a motion for a protective order. ([Filing 49](#).) The parties agreed that a protective order should be entered, but disagreed as to precise provisions to be included in the order. In particular, Defendants desired an "Attorneys Eyes Only" ("AEO") designation, which would limit disclosure of certain documents to attorneys of record. Plaintiff opposed such a designation. Plaintiff proposed that a separate protective order be drafted at a later time to govern more sensitive document production. Defendants asserted, however, that only a single protective order was necessary. On February 2, 2015, the undersigned entered an order finding that given the sensitive nature of the document production, an AEO designation was appropriate. ([Filing 120](#).) However, the Court allowed Mark Newsom ("Newsom"), Plaintiff's employee with extensive knowledge regarding the software at issue, to have access to documents designated as AEO. Neither party objected to the undersigned's order.

On June 10, 2015, Plaintiff filed a motion requesting that the Court compel Defendants to respond to discovery requests which sought documents, files and electronically stored information. (Filing 155.) Defendants objected to the requests, asserting that production would be overly burdensome and invasive because it would require Defendants to run a software program that could pose risks to their production systems. After considering the motion, the Court found that Plaintiff had shown a particular need for the requested information and that the information was relevant. (Filing 175.) The Court directed the parties to meet and confer in an effort to devise a reasonable search methodology to retrieve the requested materials.

On August 7, 2015, Plaintiff's counsel notified the Court that although the parties had generally agreed to a search methodology, they were unable to reach an agreement regarding the search terms to be used in conducting the search. On August 31, 2015, the undersigned entered an order addressing the parties' failure to reach an agreement. The order directed Defendants to run a search protocol devised by Plaintiff (hereinafter "Search Protocol" or "Exhibit B"),[1] which included the search terms proposed by Plaintiff, no later than September 11, 2015. (Filing 181.)

Defendants filed an objection to the undersigned's August 31, 2015 order. (Filing 183). Defendants' objection requested that Chief Judge Laurie Smith Camp vacate the undersigned's order and direct the parties to "identify and execute a search protocol that limits each search term to the express scope of [Plaintiff's] trade secret disclosure." (Filing 183 at CM/ECF p. 3.) Judge Smith Camp overruled Defendants' objection on September 29, 2015. (Filing 192.)

Following the entry of Judge Smith Camp's order, the parties conferred and agreed that Defendants would run the Search Protocol and produce the requested materials by October 9, 2015. Defendants produced some information on that date, but Plaintiff advised Defendants that their production was insufficient because Defendants did not properly implement the Search Protocol. Plaintiff asserted that Defendants (1) failed to load a complete, fully functional and compilable version of the MDS source code modules (which

---

[1] Exhibit B was attached to Plaintiff's August 7, 2015 letter to the Court.

includes the application programs and all their associated copy files) that previously ran on Defendants' production environments (excluding customer data) into a test environment on a HP NonStop; (2) failed to use the exact search terms contained the Search Protocol; (3) failed to produce the PAK'd Edit Files called for by the Search Protocol in their natural and unredacted form, which includes text and data; and (4) failed to send PAK'd Edit Files to Plaintiff.

The parties conferred in an effort to clarify the requirements of the Search Protocol. Defendants agreed to run the Search Protocol in accordance with Defendants' expectations and produce the requested information, but only if Plaintiff agreed to a revised protective order which would prevent Newsom from reviewing any source code information produced by Defendants. Plaintiff rejected Defendants' proposal and filed a Motion to Compel on October 15, 2015. Defendants filed a Motion for Protective Order on October 16, 2015. On October 22, 2015, Plaintiff filed a motion requesting that sanctions be imposed on Defendants for failing to comply with the Court's orders directing Defendants to implement the Search Protocol.

## DISCUSSION

Defendants contend that they did not fully understand what Plaintiff's Search Protocol required of them. Specifically, Defendants claim that they did not understand that the Search Protocol required them to produce actual source code. Still, Defendants have now agreed to run the Search Protocol, provided that Plaintiff agrees to a revised protective order which precludes Newsom from viewing source code production.

Defendants are required by two separate Court orders to run the Search Protocol. At this point, it should be abundantly clear what the Search Protocol requires. The process has been thoroughly explained to defense counsel through emails following Defendants' initial production and again through the briefing on the several motions now pending before the Court. Therefore, Defendants should have no trouble running the Search Protocol and producing the information as required. Accordingly, Plaintiff's Motion to Compel will be granted and Defendants will be ordered to run the Search Protocol in accordance with the explanations/clarifications provided by Plaintiff. Defendant shall run the Search Protocol

and produce the responsive documents within seven days of this Order.

Plaintiff's Motion to Compel also requests that the Search Protocol be modified in such a way which would allow Plaintiff to verify that Defendants ran the Search Protocol against the required databases of information. The Court declines Plaintiff's request. There is no doubt that Defendants are now aware of the requirements of the Search Protocol and their obligations under the Court's orders. If non-compliance is later discovered, a strong basis for sanctions would then exist.

Defendants' Motion for Protective Order will be denied. The Protective Order currently in place expressly covers the production of source code. ([Filing 123](#).) Under the terms of the Protective Order, source code has a AEO designation. Defendants maintain that the Protective Order needs to be revised because they did not understand that the Search Protocol would require the production of actual source code and that Newsom has more contact with Defendants' competitors than once thought. Defendants point to deposition testimony in which Newsom indicates that has interacted with Defendants' competitors. ([Filing 202-1](#).) The Court has reviewed the portion of Newsom's deposition testimony provided by Defendants in support of their motion. It does not appear that Newsom's interaction with Plaintiff's other clients is as extensive as Defendants claim. Also, Newsom has testified that he is aware of his obligations under the current Protective Order. Moreover, the debate over whether Newsom should have access to AEO materials has already taken place. Defendants did not object to the undersigned's order granting Newsom such access. Defendants have not identified any persuasive reason why the Protective Order should be modified.

Plaintiff's Motion for Sanctions will likewise be denied. Plaintiff argues that Defendants purposely and knowingly violated this Court's orders. Plaintiff contends that Defendants fully understood what they were supposed to do under the Search Protocol, but simply decided not to comply. The Court is inclined to believe that Defendants did, in fact, comprehend what was required of them under the Search Protocol, especially given Defendants' participation in editing and/or negotiating the search methodology. Still, the Court recognizes the complicated nature of the technology involved here. Therefore, the Court will give Defendants the benefit of the doubt and find that their failure to implement

the Search Protocol as ordered by this Court was not purposeful.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel (filing 197) is granted, in part. Defendants shall run the Search Protocol and produce the requested materials within seven days of this Order.

2. Defendants' Motion for Source Code Protective Order (filing 202) is denied.

3. Plaintiff's Motion for Sanctions (filing 207) is denied.

**DATED December 4, 2015.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**