# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACI WORLDWIDE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV31 |
| | ) | |
| V. | ) | |
| | ) | |
| MASTERCARD TECHNOLOGIES, LLC, and MASTERCARD INTERNATIONAL, Incorporated, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Motion for Leave to File Amended Answer and Counterclaim to the Amended Complaint. ([Filing 217](#).) Defendants' Motion will be denied.

## BACKGROUND

Plaintiff filed this suit on January 31, 2014, alleging breach of contract, trade secret misappropriation, fraud, breach of duty of good faith and fair dealing, unjust enrichment, tortious interference, conversion, trespass to chattels, and conspiracy. ([Filing 1](#).) The Initial Progression Order was entered on July 15, 2014. ([Filing 39](#).) The Initial Progression Order provided that "[a]ny motion to amend pleadings and/or add parties shall be filed within sixty (60) days after all of the issues and claims are fully joined in this action." (*Id*.) Plaintiff amended its Complaint on August 26, 2014. ([Filing 48](#).) Defendants answered Plaintiff's Amended Complaint on February 6, 2015. ([Filing 122](#).) Therefore, per the Initial Progression Order, the deadline for filing amended pleadings was on or about April 7, 2015.

The Final Progression Order was entered on October 16, 2014. ([Filing 80](#).) The Final Progression Order did not contain a revised deadline for amending pleadings and stated that the provisions of the Initial Progression Order remained in effect. The Final Progression Order was amended on March 4, 2015 ([filing 125](#)), July 24, 2015 ([filing 179](#)), September 24,

2015 (filing 191), October 13, 2015 (filing 195) and, most recently, on November 4, 2015 (filing 233). These amendments were entered in response to stipulations between the parties. The amendments did not alter the deadline for filing amended pleadings.

Defendants filed the instant Motion for Leave to File Amended Answer and Counterclaim to the Amended Complaint on October 23, 2015 (filing 217), approximately six months past the expiration of the deadline for filing amended pleadings.

Trial is currently scheduled for October 18, 2016.

### DISCUSSION

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir. 2008).

"[W]here a party seeks leave to amend after a scheduling order deadline, that party must first demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure before the court can consider whether the proposed amendments are proper under Rule 15(a)." *BCD Farms, Inc. v. Certified Angus Beef, LLC*, No. 8:05CV25, 2007 WL 2344814, *3 (D. Neb. Aug. 14, 2007). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). "[I]f the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

Defendants seek to add a counterclaim for breach of contract as a third party beneficiary to a non-disclosure agreement (the "NDA") between Baldwin, Hackett, and Meeks, Inc. ("BHMI") and Plaintiff. Defendants' proposed counterclaim asserts that the NDA barred Plaintiff from using information it learned during Plaintiff's inspection of BHMI documents to bring a lawsuit against BHMI or its customers, including Defendants.

Defendants argue that they should be permitted to amend because now, for the first time, they have a good faith basis for asserting the proposed counterclaim. Defendants maintain that a verdict entered in favor of BHMI in a parallel state court proceeding constitutes a new circumstance warranting amendment. Plaintiff filed suit against BHMI in the District Court of Douglas County, Nebraska on September 27, 2012. On January 15, 2013, BHMI answered and asserted a counterclaim against Plaintiff, alleging that Plaintiff breached by NDA by using BHMI's confidential information to file suit against BHMI. On September 23, 2015, a verdict was reached in favor of BHMI on its counterclaim. Defendants claim that until the facts were proven in the state court action, the basis for asserting the counterclaim was uncertain, particularly in light of Plaintiff's allegedly deficient and contradictory discovery responses.

Having fully considered the matter, the Court concludes that Defendants have not shown good cause to amend their answer. It is apparent that Defendants have not diligently pursued their proposed counterclaim. Defendants have known about the NDA between Plaintiff and BHMI for quite some time. Defendants were involved in the state court proceeding in which BHMI litigated its counterclaim against Plaintiff based on the same NDA provision at issue here. During the state court case, Plaintiff subpoenaed documents from Defendants and deposed a number of Defendants' witnesses. Defendants' counsel was also involved in several evidentiary hearings held in the state court matter and attended the state court trial. Defendants surely anticipated that a similar counterclaim as was asserted in the state court action was possible in this case. Yet, at no time prior to the state court verdict did Defendants move to amend the progression order in this action in such a way as to accommodate such possibility.

Defendants contend that they have been diligently working to discover information to support their proposed counterclaim. However, if this were true, Defendants should have

3

moved to extend the deadline to amend pleadings before the expiration of that deadline. Also, it does not appear that Defendants' proposed counterclaim is based on any new information learned during discovery. Defendants have failed to sufficiently explain why they did not seek to amend their answer earlier or, at the very least, move to extend the deadline to amend pleadings before the deadline expired.

Trial in this case is currently scheduled to commence in October, 2016. Nonetheless, allowing Defendants to assert a new counterclaim at this time would likely create at least some additional discovery, as well as lead to a discovery dispute regarding the proper scope of such discovery. This additional discovery and motion practice would generate additional costs for the parties and lead to further delays in this suit. As previously noted, the Final Progression Order has already been modified five times.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Leave to File Amended Answer and Counterclaim to the Amended Complaint ([filing 217](#)) is denied.

**DATED December 16, 2015.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**