IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACI WORLDWIDE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV31 |
| | ) | |
| V. | ) | |
| | ) | |
| MASTERCARD TECHNOLOGIES, LLC, and MASTERCARD INTERNATIONAL, Incorporated, | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

The protective order entered in this case does not permit documents obtained through discovery in this litigation to be used in a related action pending in state court. (Filing 123.) However, the protective order expressly provides that it may be modified upon a showing of good cause. (*Id*.) Plaintiff seeks, for the second time,[1] to modify the protective order so that it may submit certain documents produced in this action to the judge in the state court action for *in camera* review.[2] (Filing 144.) In particular, Plaintiff wants to show the state court judge the following categories of documents: (1) Plaintiff's analysis of the MDS search results (which does not include the native MasterCard PAK'd Edit Files; (2) documents from the "Sent to BHMI Folder" that are located in MasterCard's Firefly Repository; (3) a list of versions, updates and modifications to TMS; and (4) Mark Newsom's summary of the similarities between TMS and XPNET based on his review of the federal productions to date.

Plaintiff argues that the protective order should be modified so that the state court judge can "see behind the curtain" and view documents that Defendants and BHMI are trying to hide. As evidence of this, Plaintiff points to Defendants' argument in the state court

---

[1] This Court previously allowed Plaintiff to submit certain documents produced in this case to the state court judge for *in camera* review. (Filing 158.)

[2] Baldwin Hackett & Meeks, Inc. ("BHMI"), the defendant in the state court action, has also filed a brief in opposition to Plaintiff's motion. (Filing 267.)

proceedings that discovery related to Defendants should occur in the federal litigation, rather than the state court action. Plaintiff also argues that modification of the protective order is necessary at this time because the documents it seeks to submit are newly discovered due to efforts by Defendants to delay discovery in this case.

Plaintiff represents that Defendant and BHMI are the senders, authors, and recipients of the documents contained in categories two and three above. Given this, the Court finds no prejudice in granting the state judge access to these documents. However, categories one of four consist of an analysis and summary of search results authored by Plaintiff's expert. The submission of these documents in the state court proceeding would, in essence, amount to the introduction of expert testimony. These documents, which have not been viewed by BHMI or Defendants, would be unduly prejudicial, even if only submitted *in camera*. To be clear, however, the Court is granting Plaintiff leave to submit the actual documents in categories two and three to the state court judge, not Newsom's affidavit describing the documents, which could arguably be skewed in Plaintiff's favor. If, however, the state court judge desires a document summary to assist with his document review, the Court finds no harm in the parties providing such a document.

In summary, the Court will grant Plaintiff's motion as it pertains to categories two and three above. The motion will be denied as to categories one and four. As stated previously, this Court is not ruling that the state court judge must review the documents and/or allow the documents to be used in the state court proceeding. This Court merely finds that the state court judge should be given the opportunity to review the materials should he so choose.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Amendment to Protective Order (filing 259) is granted, in part, as set forth above. The protective order entered in this case (filing 123) is hereby modified so as to allow Plaintiff to request *in camera* review of the category two and three documents in the related action pending in the District Court of Douglas County, Nebraska, *ACI Worldwide Corp. v. BHMI, Inc.*, Case No. CI 12-9038.

**DATED January 19, 2016.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**