## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ACI WORLDWIDE CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:14CV31** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **MASTERCARD TECHNOLOGIES, LLC, and MASTERCARD INTERNATIONAL, Incorporated,** | ) ) ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

On January 19, 2016, the undersigned entered an order which modified the protective order in this case. The January 19, 2016 order allowed Plaintiff to request *in camera* review by the state court judge of certain documents produced in this action. On January, 21, 2016, the undersigned, upon request by non-party Baldwin, Hackett & Meeks, Inc. ("BHMI") entered an order staying implementation of the undersigned's January 19, 2016 order, pending a ruling on a yet-to-be filed objection to the order.

On January 21, 2016, Plaintiff filed, what the undersigned construes as a motion for reconsideration, requesting that the stay be lifted and that the Court hold an expedited telephone call with the parties involved. (Filing 297.) Plaintiff explained that a hearing is set to be held in the state court action today and that the stay will prevent Plaintiff from presenting the subject documents to the state court judge at the hearing.

The undersigned understands Plaintiff's position on the matter and the impact the stay may have on the state court proceedings. However, the time frame that has been placed upon the Court is simply unreasonable. The Court recognizes that this time crunch is not all Plaintiff's doing, and the undersigned is well-aware that this time table could very well be a tactical ploy by BHMI. Nonetheless, this is not a matter that can be rushed and must be fully briefed, supported by law, and presented to the Court in a reasonable manner.

Given the current state of affairs, the undersigned has no choice but to deny Plaintiff's request for a telephone conference. There simply is no room on the Court's schedule to hold such a telephone call. The question of whether the stay should be lifted will be considered at a later date.

The undersigned has no objection to Plaintiff explaining the current state of affairs of the federal proceeding to the state court judge. But again, the state court judge must handle his proceedings as he sees fit and should not feel bound by anything happening in the federal court action.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration is denied, in part, at this time as set forth above. The remainder of the issues set forth in the motion for reconsideration will be addressed at a later date.

**DATED January 22, 2016.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**