# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| ACI WORLDWIDE CORP., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 8:14cv31 |
| MASTERCARD TECHNOLOGIES, LLC and MASTERCARD INTERNATIONAL INCORPORATED, | ) | PROTECTIVE ORDER FOR SOURCE CODE |
| Defendants. | ) | |

This matter comes before the court on the parties' Joint Motion for Source Code Protective Order (Filing No. 331).

WHEREAS, The Court entered a Protective Order on February 25, 2015 (Filing No. 123, "Court's Protective Order") governing the production of Designated Materials in this Litigation.[1]

WHEREAS, discovery in the above-entitled Litigation will involve the production of Source Code (as defined herein).

WHEREAS, the Parties wish to amend and supplement the Court's Protective Order to provide specific protections for the production and review of highly valuable and highly confidential source code.

NOW, THEREFORE, HAVING BEEN STIPULATED AND AGREED by and among the Parties, through their respective counsel, subject to the approval of the Court, the Parties request that the following Protective Order for Source Code be entered pursuant to Federal Rule of Civil Procedure 26(c).

---

[1] Capitalized terms in this Protective Order for Source Code shall have the same meaning assigned to them in the Court's Protective Order.

**IT IS HEREBY ORDERED THAT:**

The parties' Joint Motion for Source Code Protective Order (Filing No. 331) is granted. The Court's Protective Order (Filing No. 123) is amended to include the following provisions governing the production of source code. Except to the extent specifically modified herein, the provisions of the Court's Protective Order remain in full force and effect.

## I. Information Subject to This Order

As used herein, "Source Code" means computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The "HIGHLY CONFIDENTIAL – SOURCE CODE" designation (as defined herein) is reserved for Source Code. The foregoing designation shall only apply to productions that occur after the date of the entry of this Order. That is, with respect to certain highly confidential materials that have already been produced in this action (*e.g.*, ACI Worldwide's XPNET manuals and guides, the PAK'd Edit Files containing MDS code snippets (MT0074900 and MT0074901), and the nearly 800 pages of MDS source code that MasterCard has already produced in this action (MT0065914-66683)), the designation provided for in this source code protective order shall not apply, and such productions shall be governed by the Court's Protective Order found at Filing No. 123.

## II. Protections for the Parties' Source Code

(a) To the extent that it is necessary for a Party to this Litigation to produce

its Source Code (including without limitation the Source Code for XPNET or the MasterCard Debit Switch), the Producing Party may designate such Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE," if it compromises or includes confidential, proprietary, or trade secret source code.[2]

(b) Access to Designated Material marked "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be limited (absent the express written consent of the Producing Party or Court order) to the following:

    (i) Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

    (ii) Court reporters, videographers, outside copying, interpreters or translators employed in connection with this litigation;

    (iii) Outside (*i.e.*, non-employee) experts, disclosed and approved in accordance with paragraph 8 of the Court's Protective Order; and

    (iv) Mark Newsom.

(c) Designated Material marked as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the other protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information by the Court's Protective Order.

(d) Designated Material marked as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced in this Litigation according to the following procedures.

    (i) Source Code shall be produced in the "native" electronic file format

---

[2] Nothing herein shall limit or affect a Party's treatment or use of its own Source Code.

in which the Source Code is typically represented.

(ii) The Receiving Party shall load the Source Code on no more than three non-networked computers that are password protected and kept in secure, locked areas accessible only to those Persons qualified to review "Highly Confidential – SOURCE CODE" information. One or all of these computers may be located at the office of an outside expert who has been disclosed pursuant to paragraph 8 of the Court's Protective Order.

(iii) Upon receipt of the Source Code from the Producing Party, the Receiving Party must verify in writing that the Source Code is loaded onto only such computers and the location of the computers. The Receiving Party may create one "working copy" of the source code on each of the authorized computers described in the preceding subparagraph. Otherwise, the Receiving Party shall not duplicate, in whole or in part, the produced Source Code, whether in paper or electronic form. The Receiving Party shall not print paper copies of any portion of the produced Source Code.

(iv) The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The Producing Party shall provide all such requested source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of Source Code requested in hard-copy form pursuant to the procedures described in Paragraph 11 of the Court's Protective Order ([Filing No. 123](Filing No. 123)).

(v) The Receiving Party may make additional paper copies of portions of Source Code provided in hard-copy by the Producing Party, as described in the

preceding paragraph, but only if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(vi) The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area.

(vii) The Receiving Party shall maintain a log of (1) every individual who has inspected any portion of the Source Code in electronic or paper form, and (2) the date and time of such inspection. The Receiving Party shall, upon request, provide a copy of this log to the Producing Party.

**III. Prosecution Bar**

(a) Any person (other than an attorney of record in this case) who, on behalf of a Receiving Party, reviews any of MasterCard Source Code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not, for a period commencing upon receipt of such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) involving patent claims on a method, apparatus, or system for financial transaction switching, or financial transaction processing, of the type in the software at issue in this case.

(b) Any person (other than an attorney of record in this case) who reviews, on behalf of a Receiving Party, any of ACI's Source Code designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not, for a period commencing upon receipt

such information and ending three years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) involving patent claims on a method, apparatus, or system for middleware, of the type at issue in this case.

(c) Prosecution Activity shall mean: (i) the preparation or prosecution (for any person or entity) of patent applications; or (ii) advising or counseling clients regarding the same, including but not limited to providing any advice or counseling regarding, or participating in, the drafting of claims for any patent application, reissue application, reexamination, inter partes review, post grant review, covered business method review, or any other proceeding at the U.S. Patent and Trademark Office. Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

(d) For the avoidance of doubt, the prosecution bar shall not apply to attorneys of record in this litigation.

**DATED: March 23, 2016.**

                                                    **BY THE COURT:**

                                                    **s/ F.A. Gossett**
                                                    _____
                                                    **United States Magistrate Judge**