# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACI WORLDWIDE CORP., | )<br>) **8:14CV31**<br>) |
| **Plaintiff,** | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| MASTERCARD TECHNOLOGIES, LLC and MASTERCARD INTERNATIONAL INCORPORATED, | )<br>)<br>)<br>) |
| | ) |
| **Defendants.** | ) |

This matter is before the court on Plaintiff's motion ([Filing No. 292](#)) to compel the issuance of a subpoena to produce documents on BHMI, a nonparty. For the reasons explained below, the court will grant the motion.

## BACKGROUND

Plaintiff alleges that Defendants, in violation of a licensing agreement and other legal obligations between the parties, disclosed confidential information regarding Plaintiff's NET24-XPNET middleware to Baldwin Hackett & Meeks, Incorporated ("BHMI"). Plaintiff claims that the disclosure of this proprietary intellectual property, including Plaintiff's software, manuals, and/or derivative works, allowed Defendants and BHMI to replicate Plaintiff's NET24-XPNET middleware and create a replacement middleware product known as TMS. ([Filing No. 48](#)).

On December 30, 2015, Plaintiff provided notice to Defendants of Plaintiff's intent to serve a subpoena to produce documents on BHMI. ([Filing No. 294-2](#)). Defendants objected to the subpoena on January 6, 2016. ([Filing No. 294-3](#)). The parties unsuccessfully conferred by telephone on January 13, 2016. ([Filing No. 292 at p.2](#)).

Plaintiff's subpoena requests BHMI to produce (1) all communications and documents exchanged, stored-in or transmitted between Defendants and BHMI "related to XPNET, TMS, BASE24, MDS, Middleware, a Gateway, a Wrapper, the Federal Litigation, or the State Litigation;" (2) all libraries, source code, development records, and communications

and documents regarding the development of TMS; (3) all communications and documents regarding a Wrapper or Gateway for MDS and/or TMS; (4) all Manuals for TMS, XPNET, the MDS, or a Wrapper or Gateway used in connection with the MDS; and (5) all documents created by Plaintiff, containing Plaintiff's confidential information, or bearing Plaintiff's copyright or logo. ([Filing No. 294-2 at p.6](#)). Plaintiff asserts the subpoena's requests are aimed at determining the extent of Defendants' disclosures to BHMI, the extent to which BHMI relied on and incorporated such information to create TMS, and whether BHMI disclosed such information to third parties. ([Filing No. 314 at p.2](#)). Defendants assert the subpoena seeks irrelevant information, is overbroad and unduly burdensome, and is inappropriate because Plaintiff previously violated a protective order. ([Filing No. 310 at pp.3-9](#)).

## DISCUSSION

Plaintiff argues, with merit, that Defendants do not have standing to raise certain objections to subpoenas on behalf of BHMI. "[An] adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested." *[Jenkins v. Pech](#)*, No. 8:14CV41, 2015 WL 728305, at *3 (D. Neb. Feb. 19, 2015) (*quoting [Streck, Inc. v. Research & Diagnostic Sys., Inc.](#)*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009)). As such, the court finds Defendants do not have standing to lodge objections to the issuance of the third-party subpoena to protect BHMI from undue burden, inconvenience, and the like. Defendants do not represent BHMI's interests in this litigation. BHMI itself is in the best position to negotiate with the requesting party and, where necessary, raise its own objections pursuant to [Fed. R. Civ. P. 26(c)](#) or [Fed. R. Civ. P. 45(d)](#). Defendants have not shown that they themselves would be unduly burdened by the discovery requests, nor have they shown they have any personal right or privilege in the information sought by Plaintiff. Therefore, Defendants are limited to objecting on relevance.

A party does have standing to move for a protective order if a third-party subpoena seeks irrelevant information. *See [Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.](#), 231 F.R.D. 426, 429 (M.D. Fla. 2005)*. Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of

any party. Fed. R. Civ. P. 26(b)(1). The scope of permissible discovery is extremely broad. "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009). "[R]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (*quoting* Fed. R. Civ. P. 26(b)(1)). When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006). If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Id.*

Though the court finds Defendants have standing to object to the subpoena based on relevance pursuant to Fed. R. Civ. P. 26(c), their objections are without merit. Considering the nature of the parties' claims and defenses, the court finds Plaintiff's requests for documents are relevant to the issues in the instant case. Plaintiff seeks documents and communications related to the alleged disclosure of Plaintiff's confidential information from Defendants to BHMI and the extent to which such confidential information was used. Plaintiff also seeks information relevant to Defendants' defenses, including its assertion that BHMI independently developed TMS. (Filing No. 122 at p.6). Defendants' objections based on relevance are therefore overruled.

Finally, Defendants again argue that Plaintiff should be sanctioned under Rule 37(b)(2)(A) for allegedly violating the protective order by using discovery from this proceeding in proceedings in state court. (Filing No. 310 at pp.9-10; Filing No. 267 at pp. 20-23; Filing No. 275 at pp. 3-4). At this time, the court finds Plaintiff's conduct was in compliance with its previous protective orders and therefore finds sanctions unwarranted. (Filing No. 290 at p.2 "This Court merely finds that the state court judge should be given the opportunity to review the materials should he so choose."). Accordingly,

**IT IS ORDERED:**

Plaintiff's Motion to Compel Subpoena to BHMI ([Filing No. 292](#)) is granted.

**DATED: March 24, 2016.**

        **BY THE COURT:**

        s/ F.A. Gossett, III
        **United States Magistrate Judge**