IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACI WORLDWIDE CORP., | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|       v. | ) | 8:14CV31 |
| | ) | |
| MASTERCARD TECHNOLOGIES, LLC and MASTERCARD INTERNATIONAL INCORPORATED, | ) ) ) ) ) | ORDER |
| | ) | |
|       Defendants. | ) | |

This matter comes before the court on several motions related to ACI Worldwide Corp.'s ("ACI") discovery requests directed to nonparty Baldwin Hackett & Meeks, Inc. ("BHMI"): BHMI's motion (Filing No. 323) to quash or for protective order and for sanction as to deposition subpoenas issued by ACI to BHMI employees and a retained expert witness of BHMI; ACI's motion (Filing No. 346) to compel BHMI's compliance with a document subpoena; and BHMI's motion (Filing No. 355) to quash ACI's document subpoena.

## BACKGROUND

ACI filed this action on January 31, 2014, against MasterCard Technologies LLC and MasterCard International Inc. (collectively, "MasterCard"), alleging MasterCard disclosed confidential information regarding ACI's NET24-XPNET middleware to ACI's competitor, BHMI. (Filing No. 1). ACI claims that the disclosure of this proprietary intellectual property, including ACI's software, manuals, and/or derivative works, allowed MasterCard and BHMI to replicate ACI's NET24-XPNET middleware and create a replacement middleware product known as TMS. (Filing No. 48).

Prior to filing this action against MasterCard, in September 2012, ACI filed a related action against BHMI and three of its employees in Nebraska state court alleging BHMI used ACI's confidential information to develop TMS. (Filing No. 240-2 at pp. 1-18). During the state court litigation, several discovery disputes arose concerning

1

ACI's requests for disclosure of BHMI's trade secrets, including its source code. The state court declined to permit ACI's discovery of BHMI's trade secrets without showing more than a "strong suspicion" that BHMI had misappropriated ACI's trade secrets. (Filing No. 150-1 at pp. 14-16). ACI maintains the state court rulings prevented it from conducting full discovery into BHMI's wrongdoing. (Filing No. 357-8 at p. 2).

The state court action was bifurcated into two parts, with trial on ACI's claims against BHMI proceeding first followed by trial on BHMI's counterclaims against ACI. (Filing No. 150-1 at pp. 10-11). In August 2014, a jury returned a verdict in favor of BHMI on ACI's claim for misappropriation of trade secrets. (Filing No. 150-1 at p. 17). In September 2015, a jury returned a verdict of $43,806,362.70 in favor of BHMI for its counterclaims against ACI for breach of a non-disclosure agreement, tortious interference with a business relationship or expectancy, and violation of Nebraska's antitrust act. (Filing No. 203-6 at pp. 1-3). ACI has appealed the Nebraska state action. (Filing No. 369-7).

During the instant proceedings, this court has modified its protective orders to permit ACI to request that the state court review *in camera* certain documents obtained during discovery in this action that it did not discover during the state court litigation, including certain attachments to emails sent from MasterCard to BHMI during the TMS development project and a list of versions, updates and modifications to TMS made during that time period. (Filing No. 158; Filing No. 290; Filing No. 357-8 at p. 4; Filing No. 369-6). ACI represented in state court that the attachments contain "substantial and decisive proof of MasterCard's and BHMI's wrongful misappropriation and use of ACI Worldwide's confidential and trade secret information." (Filing No. 357-11 at pp. 2-3). The state court denied ACI's motion for new trial based upon the newly discovered evidence. (Filing No. 369-6 at p. 1).

ACI continues to seek discovery from BHMI in these proceedings against MasterCard. On February 9 and 10, 2016, ACI served deposition subpoenas on BHMI employees Jack Baldwin, Lynne Baldwin, Michael Meeks, Casey Scheer, and Val Collins, and BHMI's retained expert from the state court litigation, Steven Saltwick. (Filing No. 325-2). BHMI objects to the subpoenas because, with the exception of Val Collins, each

2

of the subpoenaed individuals was deposed by ACI or testified in the related state court litigation. (Filing No. 324 at p. 5; Filing No. 325-10). BHMI further objects because four of the subpoenaed individuals were not involved in the development of TMS and have no information relevant to this action against MasterCard. (Filing No. 325-10). ACI declined to withdraw or limit any of the subpoenas, and BHMI filed the instant motion to quash. (Filing No. 325-10 at p. 2; Filing No. 323).

On March 24, 2016, ACI served a document subpoena on BHMI. (Filing No. 248-2 at p. 1).[1] ACI's document subpoena requests BHMI to produce (1) all communications and documents exchanged, stored-in or transmitted between MasterCard and BHMI "related to XPNET, TMS, BASE24, MDS, Middleware, a Gateway, a Wrapper, the Federal Litigation, or the State Litigation;" (2) all libraries, source code, development records, and communications and documents regarding the development of TMS; (3) all communications and documents regarding a Wrapper or Gateway for MDS and/or TMS; (4) all Manuals for TMS, XPNET, the MDS, or a Wrapper or Gateway used in connection with the MDS; and (5) all documents created by ACI, containing ACI's confidential information, or bearing ACI's copyright or logo. (Filing No. 348-2 at p. 6). BHMI objected to the subpoena because, other than BHMI's source code and protected trade secret information, the documents requested by ACI have already been produced by BHMI or MasterCard. (Filing No. 348-3 at p.1). BHMI further objected because it is not in possession of the requested documents, the subpoena seeks irrelevant information, and the subpoena seeks BHMI's protected trade secrets. (Filing No. 348-3 at pp. 2-7). Counsel for BHMI and ACI met and conferred on April 21, 2016, and were unable to resolve the dispute over the document subpoena. (Filing No. 348-1). ACI therefore filed the present motion to compel (Filing No. 346) and BHMI filed the present motion to quash (Filing No. 355). This court granted ACI's request to issue a consolidated ruling on the pending motions related to the document subpoena. (Filing No. 367).

---

[1] This court previously granted ACI's motion to compel issuance of the document subpoena to BHMI over MasterCard's objections. (Filing No. 335). The court concluded MasterCard did not have standing to object on grounds other than personal privilege or relevance. The court further concluded the document subpoena sought information relevant to ACI's claims and MasterCard's defenses, but BHMI was in the best position to raise its own objections pursuant to Fed. R. Civ. P. 26(c) or 45(d).

3

## DISCUSSION

### I. Deposition Subpoenas

BHMI seeks to quash ACI's deposition subpoenas to Jack Baldwin, Casey Scheer, Lynne Baldwin, Michael Meeks, Val Collins, and Steven Saltwick, arguing that the subpoenaed individuals have no information relevant to ACI's claims against MasterCard and that they would be unduly burdened by further depositions because each individual, except Collins, have been questioned by ACI under oath several times in the state court litigation. BHMI also argues that, in the event the court does not quash the subpoenas, ACI should not be permitted to question BHMI employees regarding its trade secrets for TMS.

Pursuant to Fed. R. Civ. P. 45(d)(3)(A), the court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The court must also limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2). Additionally, the court may issue a protective order to prevent or limit discovery to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," including "forbidding the disclosure of discovery," "forbidding inquiry into certain matters," or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). In evaluating whether a subpoena presents an undue burden, courts consider the following factors: (1) the relevance of the information requested; (2) the need of the party for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested information; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (internal citations omitted). "Rule 26(c) confers broad discretion on the trial court to decide when a

protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

  Jack Baldwin is the chairman and *de facto* chief financial officer of BHMI. ACI represents that Baldwin "is the BHMI representative who identified potential trade secret violations by MasterCard and requested that MasterCard make a representation and warranty that the information it provided to BHMI did not violate any non-disclosure obligations that MasterCard owed to ACI." ([Filing No. 337 at p. 8](#)). However, in looking at the cited excerpts from Baldwin's previous testimony, this court would not characterize his testimony as such. Baldwin testified he requires "all of [BHMI's] contracts" to contain such a representation and warranty and there was nothing particular about this project that prompted the inclusion of the provision. ([Filing No. 340-6 at p. 4](#) SEALED). Baldwin testified he is BHMI's "business person" and was "not involved in the [TMS] project at a technical level;" he had no direct involvement with the project after the negotiation and execution of the agreements with MasterCard; he has not looked at the information MasterCard emailed to BHMI; and no one on his team communicated to him during the course of the Firefly project about the information provided from MasterCard to BHMI. ([Filing No. 327-1 at p. 5](#) SEALED; [Filing No. 340-6 at pp. 4-5](#) SEALED). Additionally, Baldwin has been deposed twice and testified in both trials in the state court litigation regarding his negotiation of the contract with MasterCard and appears to have no information regarding the alleged disclosure of ACI's confidential information by MasterCard to BHMI. ACI does not argue it was unable to fully question Baldwin during the state court litigation, and in fact, has stated it will conditionally withdraw the subpoena to Baldwin, which indicates to the court that his deposition is not necessary. ([Filing No. 337 at pp. 1-2](#)). The court finds that further deposition of Baldwin will be unnecessarily duplicative and burdensome relative to the relevance of his testimony to this action. In consideration of the above, the court finds the subpoena to Jack Baldwin should be quashed.

  For similar reasons, the court will also quash the deposition subpoenas to Casey Scheer and Steven Saltwick. Scheer is the director of sales and marketing of BHMI and marketed TMS after it was developed. Scheer has no technical background and was not

involved in developing TMS. (Filing No. 327-4 SEALED). Saltwick was Hewlett Packard's ("HP") director of business development and attended an informal meeting between MasterCard and HP during which MasterCard stated it was exploring alternatives to ACI. During the state court litigation, ACI questioned Saltwick about the meeting, wherein Saltwick testified he provided no information to MasterCard regarding BHMI or its experience in middleware and that he was not involved in implementing MasterCard's switch to BHMI. (Filing No. 340-9 at p. 5 SEALED). ACI has questioned both Scheer and Saltwick under oath in the state court litigation and does not seek to question them about new or different matters. Moreover, ACI has stated it would conditionally withdraw both subpoenas, further indicating their deposition testimony is not necessary to this action. Therefore, the court will quash the deposition subpoenas directed to Scheer and Saltwick.

ACI subpoenaed Lynne Baldwin because she was involved in the planning and communications with MasterCard regarding the development of TMS. BHMI does not argue Lynne Baldwin's testimony is irrelevant, but argues another deposition would be unduly burdensome because she already testified during both trials in the state court litigation regarding the planning meetings with MasterCard. (Filing No. 343 at p. 8). ACI stated it would conditionally withdraw the subpoena directed to Lynne Baldwin; the court therefore deems the subpoena to Lynne Baldwin withdrawn.

The court will not quash the subpoenas directed to Michael Meeks or Val Collins. Meeks was the primary engineer who developed TMS for MasterCard and may be able to provide relevant testimony regarding ACI's confidential information allegedly provided from MasterCard to BHMI in developing TMS. Collins worked for ACI, MasterCard, and BHMI in the middleware and payment switch space, and may also have information relevant to ACI's claims against MasterCard. However, BHMI presents legitimate concerns regarding the protection of its confidential information from disclosure to its direct competitor, ACI. Additionally, Meeks previously was deposed by ACI and testified in the state court litigation regarding his involvement in the development of TMS. The court must limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative[.]" Fed. R. Civ. P. 26(b)(2). The court may issue a protective

order to prevent or limit discovery to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expense," including "forbidding the disclosure of discovery," "forbidding inquiry into certain matters," or "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). Therefore, the court concludes ACI may depose Meeks and Collins, but is limited to questions regarding (1) conversations between BHMI personnel and MasterCard personnel; (2) contents of emails and attachments exchanged between BHMI and MasterCard that were not previously disclosed in the state court litigation; and (3) XPNET or other confidential and proprietary information of ACI that MasterCard sent to BHMI in the development of TMS. The court admonishes ACI's counsel to limit its questions to questions that were not adequately explored during the depositions and testimony in the state court litigation; endeavor to avoid needless repetition of areas previously covered in the state court litigation; and maintain compliance with the protective orders in effect in this case.

BHMI has requested attorney fees connected to filing the motion to quash. Under Fed. R. Civ. P. 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The court "must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). Prior to filing this motion to quash, BHMI provided ACI with an extensive list of objections to the deposition subpoenas, and ACI declined to limit or withdraw any of the subpoenas. Only after BHMI filed the instant motion to quash did ACI state it would be willing to conditionally withdraw four of the six subpoenas it issued. (Filing No. 325-10 at p. 2; Filing No. 323). Further, the court has found three of ACI's noticed subpoenas should be quashed as unduly burdensome to the nonparty witnesses, all of whom have been questioned under oath by ACI in the state court litigation about substantially the same issues. Under the circumstances, the court finds an award of attorney's fees is appropriate. See Fed. R. Civ. P. 45(d)(1).

7

## II.     Document Subpoena

This court previously granted ACI's motion to compel issuance of the document subpoena to BHMI over MasterCard's objections after concluding the subpoena seeks documents and communications relevant to ACI's claims and MasterCard's defenses considering the broad scope of discovery.   (Filing No. 335 at p. 3).    However, the court recognized BHMI could raise objections under Rules 26 and 45 that MasterCard did not have standing to raise.   BHMI now objects to the document subpoena because it requires disclosure of its trade secrets and confidential research, the requests are unduly burdensome, overbroad, and not proportional to the needs of the case, and the subpoena requires reproduction of documents already in ACI's possession.   BHMI represents to the court that it has already produced all documents in its possession responsive to ACI's subpoena, excluding documents concerning (1) BHMI's trade secrets, (2) attachments to communications between BHMI and MasterCard containing trade secret information which MasterCard already produced and ACI acknowledges it has; and (3) all documents containing ACI's logo or copyright.   (Filing No. 356 at p. 39).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).   "'Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'"  *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) (quoting *Misc. Docket Matter # 1 v. Misc. Docket Matter # 2*, 197 F.3d 922, 925 (8th Cir. 1999)).    The court must limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]"  Fed. R. Civ. P. 26(b)(2).   Pursuant to Fed. R. Civ. P. 45(d)(3)(A), the court must quash or modify a subpoena that "subjects a person to undue

8

burden." Fed. R. Civ. P. 45(d)(3)(A).

When proprietary or trade secret information is sought, "the party opposing discovery must show that the information is a trade secret or other confidential research, development, or commercial information . . . and that its disclosure would be harmful to the party's interest in the property." *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir.1991) (quotation omitted). "The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial." *Id.* (citations omitted). "If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information." *Id.* (citing *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985)).

The primary dispute concerns whether BHMI should be compelled to disclose its source code for TMS and other proprietary information related to the development of TMS. ACI does not dispute its document subpoena requests production of BHMI's proprietary or trade secret information, but argues the court's protective orders are adequate to protect BHMI's interests. ACI asserts it has discovered MasterCard provided BHMI with ACI's confidential information, including XPNET message types, object types, failure codes, broadcasting, transparency, audit control, time limit, and user fields. (Filing No. 362 at p. 4). ACI states it already has "substantial evidence" that BHMI incorporated ACI's confidential information into the TMS source code after review of BHMI's manuals and attachments to emails sent from MasterCard to BHMI. ACI argues it now needs to review BHMI's source code for TMS to "assess the functionality of TMS and determine whether ACI's confidential information provided to BHMI from MasterCard was incorporated" and to show that MasterCard continues to misappropriate ACI's trade secrets by using TMS. (Filing No. 362 at p. 2; Filing No. 347 at pp. 1-3). Although BHMI's source code for TMS may be tangentially relevant to ACI's claims against MasterCard and MasterCard's defense that TMS was independently developed, the court finds ACI has not met its burden to show the source code is *necessary* to prepare the case for trial against MasterCard. See *In re Remington Arms Co.*, 952 F.2d at 1032. Moreover, the potential injury that disclosure might cause BHMI outweighs the need of

9

ACI to obtain the information. According to testimony in the state court litigation, the capabilities and features of TMS and XPNET differ substantially. XPNET and TMS are written in different computer languages, use different databases to store data, are controlled by different operating systems, and run on different platforms. ACI acknowledges TMS has capabilities that XPNET does not have. During the state court litigation, ACI admitted that MasterCard never had access to ACI's source code for XPNET, and that the source code for XPNET was never sent to BHMI. The court is mindful that ACI and BHMI are direct competitors and that BHMI is not a party to this action. Requiring BHMI to disclose its entire source code for TMS in this action against MasterCard is not necessary or proportional to the needs of the case, particularly where ACI has stated it already has discovered evidence that MasterCard disclosed ACI's confidential information to BHMI. In consideration of the above, the court finds BHMI should not be compelled to produce its proprietary or trade secret information, including its libraries, source code, development records, and communications and documents regarding the development of TMS.

  BHMI also argues the document subpoena is duplicative of discovery ACI conducted in the state court litigation and this action. (Filing No. 356 at pp. 17-19). ACI acknowledges "some small amount of duplication may result from a few of ACI's document requests." (Filing No. 347 at p. 5). ACI claims it has a right to "audit" BHMI's productions for communications and documents that may have been intentionally or inadvertently not discovered and produced by MasterCard in this action. (Filing No. 347 at p. 5-6). The court agrees with BHMI that serving a document subpoena on a nonparty to confirm what was already produced by a party is not reasonable to avoid undue burden or expense, or proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(2) (The court must limit discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]") The court finds that BHMI does not have to reproduce documents in response to the subpoena which ACI acknowledges it has already received in the state court litigation or this action.

  Finally, BHMI asserts that ACI's request for production of any document bearing

the ACI logo or copyright for an undefined period of time is unduly burdensome and not proportional to the needs of the case. BHMI states there is no way to search electronically for all documents containing ACI's logo, and the request would include documents irrelevant to the case, such as one of ACI's annual reports. BHMI states it searched for all documents containing ACI's confidential information regarding XPNET, and found none. (Filing No. 356 at p. 40). The court agrees that requiring BHMI to search for any document containing ACI's logo or copyright over an unlimited period of time is unduly burdensome and not proportional to the needs of ACI's case against MasterCard. Therefore, the court finds BHMI's motion to quash the document subpoena should be granted in its entirety, and ACI's motion to compel should be denied. Upon consideration,

**IT IS ORDERED:**

1. BHMI's Motion (Filing No. 323) to Quash Deposition Subpoenas or for Protective Order and Sanctions is granted in part, and denied in part, as set forth above.

2. Counsel for BHMI and ACI shall confer on a reasonable amount of attorney's fees to be awarded for BHMI's filing of the motion to quash the deposition subpoenas and, if there is agreement, shall file on or before July 15, 2016, a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, BHMI may file on or before July 22, 2016, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. ACI shall have until on or before August 5, 2016, to respond to the application. Thereafter, the issue of fees and costs will be deemed submitted and a written order entered.

3. ACI's Motion (Filing No. 346) to Compel BHMI's Compliance with Document Subpoena is denied; and

4. BHMI's Motion (Filing No. 355) to Quash Subpoena or for a Protective Order is granted.

**DATED: July 1, 2016.**

                **BY THE COURT:**

                s/ F.A. Gossett
                **United States Magistrate Judge**