# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ACI WORLDWIDE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> MASTERCARD TECHNOLOGIES, LLC, AND MASTERCARD INTERNATIONAL, Incorporated; <br><br> Defendants. | 8:14CV31 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Summary Judgment (Filing No. 374), filed by Defendants MasterCard Technologies, LLC and MasterCard International, Incorporated (collectively "MasterCard"). For the reasons stated below, the motion will be denied.

## BACKGROUND

The following facts are those stated in the Parties' briefs, supported by pinpoint citations to evidence in the record, in compliance with NECivR 56.1[1] and Federal Rule of Civil Procedure 56.

MasterCard licensed the middleware software XPNET from Plaintiff ACI WorldWide Corp. ("ACI"), pursuant to a licensing agreement between them ("License Agreement"). (Filing No. 375 ¶ 2.) The License Agreement placed restrictions on the

---

[1] See NECivR 56.1(b)(1) (effective December 1, 2015):

> The party opposing a summary judgment motion should include in its brief a concise response to the moving party's statement of material facts. The response should address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.

disclosure of certain information by the parties, including certain proprietary source code and other information belonging to ACI that it used in the development and maintenance of XPNET.  (*Id.* ¶¶ 21–23.)  MasterCard did not renew the License Agreement when it expired at the end of 2010.  (*Id.* ¶ 3.)  MasterCard replaced XPNET with the recently-developed Concourse-TMS, a middleware product developed by Baldwin, Hackett, & Meeks, Incorporated ("BHMI").  (*Id.* ¶ 4.)  ACI alleges that BHMI created Concourse-TMS in part through ACI's proprietary information, which BHMI received from MasterCard.

On September 27, 2012, ACI filed suit against BHMI and its principals in the District Court of Douglas County, Nebraska ("State Court Action"), asserting claims for breach of contract, fraud, unjust enrichment, tortious interference, conversion, trespass to chattels, civil conspiracy, and misappropriation of trade secrets under the Nebraska Trade Secrets Act, Neb. Rev. Stat. §§ 87-501 to 87-507 (Reissue 2014).  (*Id.* ¶ 5.)

On January 31, 2014, ACI filed the present action against MasterCard in this Court, alleging, in part, that MasterCard misappropriated ACI's proprietary information by divulging it to BHMI.  (*Id.* ¶¶ 9, 13, 16, & 19.)  On December 31, 2014, the Court dismissed ACI's claims for fraud, tortious interference, conversion, and trespass to chattels, leaving ACI's claims for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, civil conspiracy, and misappropriation of trade secrets under the Nebraska Trade Secrets Act.  (*Id.* ¶¶ 14–15; *see* Filing No. 119.)

In the State Court Action, on July 22, 2014, the District Court of Douglas County granted BHMI's motion for summary judgment as to ACI's claims against BHMI for conversion, trespass to property, and unjust enrichment.  (Filing No. 376-4 at 15.)  ACI's

claim for misappropriation of trade secrets proceeded to trial, at which the jury was instructed to find for ACI if it determined that (1) a trade secret existed; (2) ACI possessed the trade secret; (3) BHMI used the trade secret without ACI's consent; (4) BHMI acquired the trade secret through improper means or knew or had reason to know the trade secret was acquired by improper means; (5) BHMI's disclosure or use of the trade secrets was the proximate cause of damage to ACI; and (6) the nature and extent of that damage. (Filing No. 375 ¶ 35.) On August 4, 2014, the jury returned a general verdict for defendants, finding that "ACI has not met its burden of proof with respect to its misappropriation of a trade secret claim . . . ."[2] (*Id.* ¶ 39; Filing No. 376-3.) No specific factual findings accompanied the verdict. (Filing No. 376-3.)

On March 31, 2016, ACI filed a Notice of Intention to Appeal the State Court Action. (Filing No. 375 ¶ 47.) ACI's appeal is ongoing as of the date of this order.

## STANDARD OF REVIEW

"Summary judgment is appropriate when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint,* 736 F.3d 1134, 1136 (8th Cir. 2013) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is not disfavored and is designed for every action." *Briscoe v. Cnty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) *cert. denied*, 132 S. Ct. 513 (2011)). In

---

[2] Although not relevant to the present motion, BHMI asserted several counter-claims against ACI in the State Court Action. The state court bifurcated BHMI's counter-claims, which were tried to a jury in September of 2015. (Filing No. 375 ¶ 14.) On September 23, 2015, the jury returned a verdict for BHMI on its claims for breach of contract, tortious interference, and violations of Nebraska's Junkin Act, Neb. Rev. Stat. §§ 59-801 to 59-831 (Reissue 2010). (*Id.* ¶ 42.) The jury awarded damages against ACI in the amount of $43,806,362.70. (*Id.*)

reviewing a motion for summary judgment, the Court will view "all facts and mak[e] all reasonable inferences favorable to the nonmovant." *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.,* 703 F.3d 1104, 1107 (8th Cir. 2013). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* (quoting Fed. R. Civ. P. 56(c)).

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe,* 690 F.3d at 1011 (internal quotation marks omitted) (quoting *Torgerson*, 643 F.3d at 1042). "[T]he mere existence of some alleged factual dispute between the parties" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (internal quotation marks omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 972 (8th Cir. 2012) (internal quotation marks omitted) (quoting *Torgerson*, 643 F.3d at 1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue for trial" and summary judgment is appropriate. *Torgerson*, 643 F.3d at 1042 (internal quotation marks omitted) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

## DISCUSSION

MasterCard argues that summary judgment should be granted in its favor on all of ACI's claims because the State Court Action's general verdict resulted in a determination that, *inter alia*, BHMI did not receive or possess misappropriated proprietary information belonging to ACI in developing Concourse-TMS. MasterCard asserts that the doctrine of issue preclusion—also known as collateral estoppel—prevents ACI from litigating such issues in the present action, and thus, ACI's claims fail as a matter of law.

"Issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate." *Hara v. Reichert*, 843 N.W.2d 812, 816 (Neb. 2014) (citing *In re Margaret Mastny Revocable Trust*, 794 N.W.2d 700 (Neb. 2011)). In Nebraska,[3] issue preclusion applies when:

---

[3] Federal courts in the 8th Circuit "look to the substantive law of the forum state in applying the collateral estoppel doctrine, giving a state court judgment preclusive effect if a court in that state would do so." *In re Scarborough*, 171 F.3d 638, 641 (8th Cir. 1999) (citing *Baker Elec. Coop., Inc. v. Chaske*, 28 F.3d 1466, 1475 (8th Cir. 1994)).

> (1) an identical issue was decided in a prior action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action.

*Id.* "Issue preclusion protects litigants from relitigating an identical issue with a party or his privy and promotes judicial economy by preventing needless litigation." *Id.* (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979); *Thomas Lakes Owners Assn. v. Riley*, 612 N.W.2d 529 (Neb. App. 2000)). As the moving party, MasterCard bears the burden of establishing that no dispute of material fact exists and that each element of issue preclusion is established. *See Stevenson v. Wright*, 733 N.W.2d 559, 566 (Neb. 2007) ("[F]or application of the doctrine[] of collateral estoppel . . . the party relying on [collateral estoppel] . . . has the burden to show that a particular issue was involved and necessarily determined in a prior proceeding.").

The first question is whether any of the issues before the Court were necessarily decided by the general verdict in the State Court Action. MasterCard argues that because of Nebraska's general verdict rule, the general verdict in the State Court Action created a presumption that the jury found for BHMI on every element of ACI's misappropriation claim. Under the general verdict rule, "[a] general verdict is that by which [a jury] pronounce[s], generally, upon all or any of the issues either in favor of the plaintiff or defendant." Neb. Rev. Stat. § 25-1122 (Reissue 2008); *Heckman v. Burlington N. Santa Fe Ry. Co.*, 837 N.W.2d 532, 537 (Neb. 2013) (citing *Wulf v. Kunnath*, 827 N.W.2d 248 (Neb. 2013)).

While this Court has not found a Nebraska case addressing the interplay of issue preclusion and the general verdict rule in the civil context, other jurisdictions have

6

concluded that the rule does not necessarily bar re-litigation of issues underlying a general verdict. *See Dowling v. Finley Associates, Inc.*, 727 A.2d 1245, 1252 (Conn. 1999) ("Because a verdict to which the general verdict rule applies is necessarily one that can rest on different grounds, there is no way to know definitively that the verdict satisfied the criteria required to invoke the collateral estoppel doctrine."); *Nealis v. Baird*, 996 P.2d 438, 458–59 (Okla. 1999). Oklahoma's codification of the general verdict rule is identical to Neb. Rev. Stat. § 25-1122. *See* Okla. Stat. tit. 12, § 587. Nevertheless, in *Nealis*, the Oklahoma Supreme Court held that "[w]hile it is true that a general verdict includes within its terms a finding favorable to the prevailing party upon every material issuable fact, a general verdict cannot be said to establish any one of these issues or all of them for purposes of preclusion." 996 P.2d at 458 (internal citation omitted).

In the criminal context, when a general verdict results in acquittal, issue preclusion is not applicable. Following the U.S. Supreme Court's instruction in *Ashe v. Swenson*, 397 U.S. 436, 444 (1970), the Nebraska Supreme Court has held that in criminal cases "[w]here a previous judgment of acquittal was based upon a general verdict" a court must "examine the record of a prior proceeding . . . and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *State v. Lavalleur*, 873 N.W.2d 155, 159 (Neb. 2016) (internal quotation marks omitted) (quoting *Ashe*, 397 U.S. at 444). The same logic is applicable where a civil cause of action with multiple elements is tried before a jury, resulting in a general verdict in favor of a defendant.

MasterCard argues that even without the presumption that the jury found for BHMI as to every element of the misappropriation claim, the jury must have found for

BHMI as to one of the elements, and thus ACI's claims before this Court must fail, too. (Filing No. 375 at ECF 36–42). However, under the state court instructions, the jury could have found for BHMI because it determined that BHMI lacked the requisite state of mind as to whether the proprietary information was acquired by wrongful means. (Filing No. 376-5 at ECF 9.) BHMI's state of mind has no bearing on ACI's claims against MasterCard.

This Court cannot discern from the record the factual grounds upon which the jury in the State Court Action reached its decision, and the general verdict did not necessarily decide any of the issues that MasterCard seeks to foreclose. Therefore, the first element of issue preclusion is not satisfied, and MasterCard's Motion for Summary Judgment will be denied. Accordingly,

IT IS ORDERED: Defendants' Motion for Summary Judgment (Filing No. 374) is denied.

Dated this 27th day of September, 2016.

> BY THE COURT:
>
> s/Laurie Smith Camp
> Chief United States District Judge

8