IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ACI WORLDWIDE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 8:14CV31 |
| | ) | |
| MASTERCARD TECHNOLOGIES, LLC and MASTERCARD INTERNATIONAL INCORPORATED, | ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on ACI Worldwide's ("ACI") Motion to Compel Production of MasterCard's Full Source Code (Filing No. 382). ACI requests that this court order MasterCard Technologies LLC and MasterCard International Inc. (collectively, "MasterCard"), to produce the full source code of their Master Debit Switch ("MDS") application, including the oldest version of the code available and the most recent version of the code available. For the reasons explained below, the court will grant the motion, in part, to the extent there are any files that MasterCard has not produced responsive to the parties' previously established joint Search Protocol.

## BACKGROUND

The disclosure of MasterCard's source code for the MDS has been the subject of ongoing discovery disputes for more than a year. In an order dated July 13, 2015, this court found ACI had shown the relevance and a particular need for electronically stored information ("ESI") constituting or containing ACI's proprietary information that was (1) inputted into MasterCard's MDS; (2) never removed from the MDS application following the termination of the license agreements between ACI and MasterCard; and (3) copied from the MDS for transmission to BHMI. (Filing No. 175 at pp. 1-3). ACI sought this

1

information to support its claims that MasterCard continued to use ACI's XPNET proprietary information in the MDS after the expiration of the licensing agreement between the parties. (Filing No. 175 at p. 1-2; Filing No. 48 at pp. 32-34).

Because this court did not have the expertise necessary to determine the best way to retrieve the requested information, the court directed the parties to devise a joint search protocol or methodology to retrieve the information requested by ACI; otherwise, the court would appoint a special master. (Filing No. 175 at pp. 4-5). The parties generally agreed to a search protocol, but were unable to reach a full agreement on the search terms to be used. On August 31, 2015, this court ordered MasterCard to run ACI's "Counterproposal Search Protocol" and produce the search results no later than September 16, 2015. (Filing No. 181 at p. 2). Chief Judge Smith Camp overruled MasterCard's objections to that order, and the parties subsequently conferred and agreed that MasterCard would run the Search Protocol and produce the requested materials by October 9, 2015. (Filing No. 192). Following further hesitation from MasterCard regarding production of actual source code from the MDS without an additional protective order, ACI filed another motion to compel, and on December 4, 2015, this court again ordered MasterCard to run the Search Protocol and produce the requested information, which included source code. (Filing No. 244). On February 16, 2016, this court denied MasterCard's motion for partial reconsideration, but stated it would entertain inclusions of additional provisions to the protective order in place, if the parties agreed. (Filing No. 313). On March 23, 2016, the court adopted the parties' joint protective order for source code. (Filing No. 332).

ACI has now filed the present motion to compel disclosure of the entirety of the MDS source code. ACI claims MasterCard has not produced all items identified by the Search Protocol, and argues the production of the entire MDS source code is warranted due to "MasterCard's history of refusing to produce clearly relevant source code." (Filing No. 385-1 at p. 16). ACI alleges that the MDS source code MasterCard has produced to date supports ACI's allegations of misappropriation, further warranting disclosure of the entire

2

MDS source code. (Filing No. 385-1 at p. 6). MasterCard counters that, to the extent there are any particular, relevant MDS source code files that have not been produced pursuant to the Search Protocol, the remedy is the production of those files, and not the production of the entire MDS source code. (Filing No. 399 at p. 3).

## DISCUSSION

ACI identifies four deficiencies with MasterCard's source code production to date: (1) the parties' search protocol identified 581 files MasterCard failed to produce; (2) files MasterCard produced reference other unproduced files that are critical to understanding how the MDS software operates; (3) MasterCard made "minor, superficial changes" to ACI's confidential information before incorporating it into the MDS software that prevented the search protocol from properly matching targeted code; and (4) MasterCard admitted that it did not produce source code relevant to the MDS system's interaction with middleware applications such as XPNET and BHMI's TMS application. (Filing No. 385-1 at p. 2). MasterCard responds that the four deficiencies identified by ACI are either not real deficiencies or were cured by MasterCard's supplemental production. (Filing No. 399 at p. 8). MasterCard asserts that the only source code file "hits" from the search protocol that have not been produced are third-party files, which are not relevant to ACI's claim for wrongful or unlicensed use of ACI's proprietary technology. (Filing No. 399 at pp. 8-9).

The relevance and necessity of certain ESI, including portions of the MDS source code, has long been established pursuant to this court's orders. See Filing No. 175. The court found ACI had demonstrated the relevance of and a substantial need for ACI's proprietary information that was (1) inputted into MasterCard's MDS; (2) never removed from the MDS application following the termination of the license agreements between ACI and MasterCard, and (3) copied from the MDS for transmission to BHMI. The entire purpose of the parties' efforts to create a joint search protocol was to devise a method to

3

target that specific information relevant to ACI's claims, while protecting MasterCard's proprietary information, as this court did not have the expertise necessary to determine the best way to retrieve the requested information. The court emphasized that "The Federal Rules of Civil Procedure . . . emphasize that electronic discovery should be a party-driven process." *Aquilar v. Immigration and Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350, 358 (S.D.N.Y. 2008). ACI's request now for the entire source code to the MDS is not proportional to the needs of the case, would include information irrelevant to ACI's claims, and would defeat the purpose of the protracted efforts by the parties to reach a compromise regarding production of MDS source code. See Fed. R. Civ. P. 26(b)(1). To the extent MasterCard's production has been deficient, the remedy is not to compel the production of its entire source code for the MDS. Rather, the court will compel MasterCard to produce only the source code retrieved using the parties' joint search protocol that MasterCard has not yet produced. Accordingly,

**IT IS ORDERED:** ACI's Motion to Compel Production of MasterCard's Full Source Code (Filing No. 382) is granted, in part, as set forth above. MasterCard shall produce the withheld materials responsive to the Search Protocol within seven days of this order.

DATED: October 27, 2016.

>BY THE COURT:
>
>s/ F.A. Gossett
>**United States Magistrate Judge**