# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ACI WORLDWIDE CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **8:14CV31** |
| | ) | |
| **MASTERCARD TECHNOLOGIES, LLC and MASTERCARD INTERNATIONAL INCORPORATED,** | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the Motion to Strike Plaintiff's Fourth Supplemental Answer to Interrogatory No. 1 and Request for Expedited Relief (Filing No. 425) filed by Defendants, MasterCard Technologies LLC and MasterCard International Inc. (collectively, "MasterCard").    The court will grant the motion to strike.

MasterCard served ACI with MasterCard's First Set of Interrogatories on August 8, 2014.  (Filing No. 41).  Interrogatory No. 1 asked ACI to "[i]dentify with particularity each ACI trade secret alleged to have been misappropriated by [MasterCard]."   On September 23, 2016, ACI served MasterCard with ACI's fourth and final supplemental answer to Interrogatory No. 1, identifying over 400 "examples" of source code files, 99 "exemplar documents" of source code evidencing MasterCard's continued misappropriation of ACI's trade secrets, and 47 pages of source code pursuant to Fed. R. Civ. P. 33(d).  (Filing No. 428).  MasterCard seeks to strike ACI's fourth supplemental answer to Interrogatory No. 1 because: (1) it contradicts ACI's Rule 30(b)(6) testimony; (2) it was untimely; (3) it improperly expands the scope of the case beyond ACI's allegations in the Amended Complaint; and (4) it appears calculated to require the court to reopen discovery.  (Filing No. 425 at pp. 2-7).

1

Pursuant to Federal Rule of Civil Procedure 26(e)(1), a party must supplement a response to an interrogatory "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1). Rule 37(b)(2) and (c)(1) provides that a party's supplemental response may be stricken for failure to comply with the court's progression orders and Rule 26(e), without a showing of substantial justification.

The court agrees with MasterCard that ACI's fourth supplemental answer to Interrogatory No. 1 should be stricken. The sixth amended final progression order provided September 23, 2016, as the deadline to serve "any supplements to answers to interrogatories, or responses to requests for production, *based on information learned or discovered through fact depositions*[.]" (Filing No. 322 at p. 2). ACI served its fourth supplemental answer to Interrogatory No. 1 on September 23, 2016. However, ACI's fourth supplemental answer is not based on information learned or discovered through fact depositions. Interrogatory No. 1, which was first served on ACI more than two years ago, asked ACI to "[i]dentify with particularity each ACI trade secret alleged to have been misappropriated by [MasterCard]." In ACI's most recent supplemental answer, it identifies over 400 "examples" of source code files and 99 "exemplar documents" in addition to numerous pages of source code file names. ACI asserts its supplemental answer simply "elaborated upon [MasterCard's] misappropriation of its previously identified trade secrets" and includes "examples" of ACI's previously disclosed trade secrets. (Filing No. 434 at pp. 19-20). ACI does not assert it learned new information from fact depositions; rather, ACI asserts MasterCard's corporate witness "further *confirmed* many of the allegations about [MasterCard's] misappropriation." (Filing No. 434 at p. 16).

In order to conduct discovery and defend ACI's claims of trade secret misappropriation, MasterCard asked ACI very early in the case to identify those trade secrets.  See, e.g. *Porous Media Corp. v. Midland Brake Inc.*, 187 F.R.D. 598, 600 (D. Minn. 1999) ("Ordering the listing of trade secrets at the outset of the litigation is a common requirement.").   ACI would have long-known what information and materials it provided to MasterCard that ACI alleges were its trade secrets, and in fact has previously argued to the court that it has clearly identified its trade secrets from the beginning of this action.  (See Filing No. 94).   Written discovery in this case closed on February 1, 2016, and the deadline to complete expert witness depositions is December 30, 2016.  (See Filing Nos. 322; 447).   In consideration of the facts and circumstances of this case, the court sees no reason why ACI should be permitted to expansively supplement its answer to Interrogatory No. 1 at this late juncture.   Accordingly,

**IT IS ORDERED:**   Defendants' Motion to Strike Plaintiff's Fourth Supplemental Answer to Interrogatory No. 1 and Request for Expedited Relief (Filing No. 425) is granted.

**DATED:   November 10, 2016.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**