## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ACI WORLDWIDE CORP.,** | |
| **Plaintiff,** | **8:14CV31** |
| **vs.** | |
| **MASTERCARD TECHNOLOGIES, LLC, AND  MASTERCARD INTERNATIONAL, Incorporated;** | **MEMORANDUM AND ORDER** |
| **Defendants.** | |

This matter is before the Court on the Statement of Objections to Magistrate Judge's Order, ECF No. 449, filed by Plaintiff ACI Worldwide Corp. ("ACI").  ACI objects to Magistrate Judge Gossett's Order, ECF No. 448, dated November 11, 2016 ("Order"). For the reasons stated below, the Statement of Objections will be overruled.

## BACKGROUND

In 1994, ACI licensed its middleware product, currently known as XPNET, to Defendants MasterCard Technologies, LLC, and MasterCard International Incorporated (collectively, "MasterCard") for use with the MasterCard Debit Switch application ("MDS"), a technology used to process credit card transactions.  Amended Complaint ¶¶ 2–3, ECF No. 48, Page ID 557–58.  The MDS software was fully integrated with XPNET.  *Id.* ¶ 3, Page ID 558.  Consequently, the MDS contained ACI's confidential and proprietary information.  *Id.* ¶¶ 54–58, Page ID 572–74.

ACI alleges that MasterCard, in an attempt to avoid ACI's licensing fees, terminated its licensing agreement with ACI and retained a third party to develop a replacement for XPNET.  *Id.* ¶¶ 1, 5, 61–66, Page ID 557, 558–59, 576–79.  ACI asserts that MasterCard thereby misappropriated ACI's proprietary information and

trade secrets for MasterCard's own continued use in the MDS and for the third party's development of a XPNET replacement. *Id.* ¶¶ 54–60, 65, & 87, Page ID 572–76, 578–79. ACI sued MasterCard in this Court on January 31, 2014, alleging, inter alia, breach of contract and misappropriation of trade secrets. *See* ECF No. 1.

MasterCard served ACI with its first set of interrogatories on August 8, 2014. *See* ECF No. 41. The first interrogatory ("Interrogatory 1") asked ACI to "[i]dentify with particularity each ACI trade secret alleged to have been misappropriated by [MasterCard] . . . ." Plaintiff's Objections and Supplemental Answers, ECF No. 428, Page ID 12182. On March 18, 2016, Judge Gossett issued the Sixth Amended Final Progression Order, ECF No. 322 ("Progression Order"), which stated that the parties were to "serve supplements to answers to interrogatories . . . based on discovery then available to the parties, by July 1, 2016." *Id.*, Page ID 8223. All non-expert depositions were to be completed by September 16, 2016, and the parties were to serve "any supplements to answers to interrogatories . . . based on information learned or discovered through fact depositions, by September 23, 2016." *Id.*, Page ID 8222–23.

On September 8, 2016, ACI deposed Glenn Leach, MasterCard's corporate designee under Federal Rule of Civil Procedure 30(b)(6). *See* Leach Deposition, ECF No. 436-1. On September 23, 2016, ACI served MasterCard with a fourth supplemental answer to Interrogatory 1 ("Fourth Supplement"). *See* ECF No. 428, Page ID 12182–235. This supplement included the names of approximately 400 source code files and 99 "exemplar documents" of source code. *Id.*, Page ID 12183–87. ACI also included 47 pages of source code pursuant to Rule 33(d). *Id.* MasterCard moved to strike the Fourth Supplement. *See* ECF No. 425, Page ID 12156–61.

On November 11, 2016, Judge Gossett granted the motion to strike. In the Order, Judge Gossett noted that Federal Rule of Civil Procedure 26(e)(1) requires a party to file supplemental interrogatories "in a timely manner" if the party learns that the material is incomplete and "if the additional . . . information has not otherwise been made known to the other part[y] during the discovery process." ECF No. 448, Page ID 13123 (quoting Fed. R. Civ. P. 26[1]). Judge Gossett cited Rule 37(b)(2)[2] and (c)(1)[3] for the proposition that "a party's supplemental response may be stricken for failure to comply with the court's progression orders and Rule 26(e), without a showing of substantial justification." *Id.*

Judge Gossett found that ACI's supplemental answer "is not based on information learned or discovered through fact depositions." *Id.* Judge Gossett noted that, rather than learning of the additional information in the Fourth Supplement through fact deposition, "ACI asserts MasterCard's corporate witness 'further *confirmed* many of the allegations about [MasterCard's] misappropriation.'" *Id.* (second alteration in

---

1 Rule 26(e) states that:
A party who has . . . responded to an interrogatory . . . must supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . as ordered by the court.
Fed. R. Civ. P. 26(e).

2 Rule 37(b)(2) states in part that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . the court where the action is pending may . . . "strik[e] pleadings in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2).

3 Rule 37(c)(1) states:
If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).
Fed. R. Civ. P. 37(c)(1).

original) (quoting Plaintiff's Brief Opposing Motion to Strike, ECF No. 434, Page ID 12714).  For this reason, Judge Gossett found that ACI long would have been aware "what information and materials it provided to MasterCard that ACI alleges were its trade secrets" and concluded there was "no reason why ACI should be permitted to expansively supplement its answer to [Interrogatory 1] at this late juncture."  *Id.*, Page ID 13124.

## STANDARD

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

## DISCUSSION

ACI objects to the Order on eight grounds and asserts that the Order is clearly erroneous and contrary to law.  ACI's objections fit into four categories: (1) the first,

second, third, fifth, and seventh objections all essentially dispute for various reasons[4] Judge Gossett's factual conclusion that ACI should have provided the information in the Fourth Supplement sooner than it did; (2) the fourth objection argues that the Order is contrary to law because Rule 37 does not apply here, because it only applies where there is a failure to disclose or supplement; (3) the sixth objection argues that the Order is contrary to law because Interrogatory 1 is a "contention interrogatory" and was not "supposed to be answered until the end of discovery," ECF No. 451, Page ID 13156; and (4) the eighth objection argues that the Order inadvertently struck the Rule 33(d) portion of the Fourth Supplement, even if striking the remainder of the Fourth Supplement was proper. *Id.*, Page ID 13159.

As to the first category of objections, the first and fifth objections argue that, although ACI was aware of what intellectual property and software it made available to MasterCard, it needed to complete fact depositions in order to determine which of these materials MasterCard specifically misappropriated. Similarly, the second objection argues that ACI could not have determined what was misappropriated at any earlier time. The third and seventh objections both argue that striking the Fourth Supplement is inappropriate because MasterCard was already aware of the new information it contained. All of these objections dispute Judge Gossett's factual conclusion that ACI

---

[4] ACI's first objection argues that, contrary to the Order's conclusion, ACI learned of the information contained within the Fourth Supplement through fact deposition. The second objection argues that the supplement was timely under Rule 26 regardless of how ACI learned of the information because ACI supplied the information as soon as practicable after learning it. The third objection argues that the supplementation could not have been untimely because MasterCard was already aware of the information it contained. The fifth objection disputes Judge Gossett's conclusion that ACI long would have known what material it provided to MasterCard. The seventh objection argues that the Order should be reversed because MasterCard was not prejudiced by the timing of the Fourth Supplement.

had sufficient information regarding MasterCard's alleged misappropriation that it should have supplemented earlier than it did, but none of these arguments shows that the conclusion was clearly erroneous.   Judge Gossett's Order found that ACI provided MasterCard the Fourth Supplement more than two years after MasterCard initially served ACI with Interrogatory 1 and that the Fourth Supplement did not qualify as information learned through fact deposition.   Therefore, the September 21, 2016, deadline in the Progression Order did not apply.   ACI has always known what proprietary information and trade secrets it provided to MasterCard, and Judge Gossett concluded, based on prior discovery, that ACI did not have a sufficient reason for providing the additional information of the Fourth Supplement as late as it did.  There is nothing clearly erroneous about this conclusion.  *See Sikora v. Nat'l Indem. Co.*, No. 8:13CV68, 2013 WL 5524551, at *2 (D. Neb. Oct. 4, 2013) ("In discovery matters, the magistrate judge is afforded great deference.").

In its fourth objection, ACI contends that Rule 37 is inapposite to the present case and was misapplied by Judge Gossett.   Rule 37(b)(2)(A)(iii) provides for the striking of pleadings where a discovery order has not been obeyed, while Rule 37(c)(1) allows for a similar action for a failure to timely supplement interrogatory answers under Rule 26(e).   *See* Fed. R. Civ. P. 37.   Judge Gossett concluded that the Fourth Supplement did not qualify for the Progression Order's September deadline for information learned through fact deposition.   Thus, ACI either needed to submit the information by the July 1, 2016, deadline for information then known, *see* ECF No. 322, Page ID 8223, or in a timely manner after learning it per Rule 26(e)(1)(A).   Judge

Gossett's conclusion that ACI did neither is not clearly erroneous, and his reliance on Rule 37 is not contrary to law.

ACI's sixth objection argues that Interrogatory 1 was a "contention interrogatory," and as such, "ACI is not required to finalize this legal position until fact discovery is complete."  Plaintiff's Brief, ECF No. 451, Page ID 13156.  While ACI is correct that district courts may, and often do, extend deadlines so that contention interrogatories can be finalized closer to the end of discovery, ACI's implication that such timing applies independent of the Magistrate Judge's authority—such that a contrary order by the Magistrate Judge is contrary to law—is incorrect.  *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court *may* order that [a contention interrogatory] need not be answered until designated discovery is complete, or until a pretrial conference or some other time." (emphasis added)); *Vishay Dale Elecs., Inc. v. Cyntec Co.,* No. 8:07 CV 191, 2008 WL 4868772, at *5 (D. Neb. Nov. 6, 2008) ("Courts have considerable discretion in determining when contention interrogatories must be answered, and there is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed.").  Requiring supplementation of Interrogatory 1 sooner than the close of discovery was neither clear error nor contrary to law.

In its eighth objection, ACI argues that regardless of the other information contained within the Fourth Supplement, the Rule 33(d) portion should not have been stricken because "all the trade secrets listed in the Rule 33(d) Supplementation were included in the Second Supplementation . . . ."  ECF No. 451, Page ID 13160.  Because of this, ACI suggests that the Order's striking of the 33(d) portion was inadvertent error. To the extent that some of the 33(d) portion was already disclosed in a prior

7

supplementation, the order to strike it from the Fourth Supplement does not affect its prior disclosure.  To the extent the 33(d) portion disclosed new information or trade secrets, ACI has not explained why Judge Gossett's reasoning should not apply to this new information as it does to the rest of the Fourth Supplement.  The Court finds no clear error.

Because ACI has failed to show that the Order was clearly erroneous or contrary to law its objection will be overruled.  Accordingly,

IT IS ORDERED:   Plaintiff ACI Worldwide Corp.'s Statement of Objections to Magistrate Judge's Order, ECF No. 449, is overruled.

Dated this 24th day of January, 2017

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge